Grafton,
March 2, 1937.

LOUISE C. ROBERTSON *v.* ALANSON R. BREWER, *Adm'r.*

*Murchie, Murchie & Blandin (Mr. Alexander Murchie* orally), for the plaintiff.

*Swain & Swain, Robert W. Upton* and *Laurence I. Duncan (Mr. Duncan* orally), for the defendant.

BRANCH, J. The statute provides that in divorce proceedings "the court, upon proper application and notice to the adverse party, may revise and modify any order made by it, may make such new orders as may be necessary, and may award costs as justice may require." P. L., *c.* 287, *s.* 12. Nevertheless, the view which prevails in this jurisdiction in regard to the nature of alimony as stated in *Kennard* v. *Kennard,* 87 N. H. 320, 327, necessitates the denial of the plaintiff's motion. Alimony is "the support which the court decrees in favor of the wife as a substitute for the common-law right of marital support." *Ib.* The corresponding duty of the husband to support his wife is clearly an obligation personal to him. If he dies during the continuance of the marriage relation, that obligation and the wife's right to support are terminated. She then has only such rights against his estate as the statute gives her. P. L., *c.* 306. "It is difficult to see why the rights of the divorced wife should be greater than those she would have enjoyed had she not been divorced." *Wilson* v. *Hinman,* 182 N. Y. 408, 412. Such being the nature of alimony, "It seems clear on principle that the obligation to pay it ceases at the death of the husband." *Ib.* This appears to be the prevailing rule in this country. 1 R. C. L., Alimony, *s.* 80; 19 C. J., Divorce, *s.* 633. Whether a decree specifically requiring the payment of alimony during the life of the wife may be enforced after the death of the husband, as in *Farrington* v. *Company,* 280 Mass. 121, is a question upon which no opinion is expressed.

In *Leclerc* v. *Leclerc,* 85 N. H. 121, 123, reference was made to the case of *Spofford* v. *Smith,* 55 N. H. 228. The point actually decided in that case was that, in divorce proceedings, "a motion to dismiss takes the place of a demurrer, and therefore cannot, after it has been denied, be followed by such a demurrer." It appears, however, from the opinions therein that it had been previously decided in the same cause that the death of the libellee does not cut off the right of the libellant to make application for additional alimony against his executor. We now have no means of knowing the grounds upon which that decision proceeded, and it cannot, therefore, be regarded as a binding authority in this case.

*Motion denied.*

All concurred.