Belknap,
Oct. 3, 1939. } No. 3097.

LILLA G. BAKER *v.* FRANCIS L. BAKER.

*Cheney, Nighswander & Lord* (*Mr. Cheney* orally), for the plantiff.

*Normandin & Normandin* (by brief and by *Mr. Fortunat A. Normandin* orally), for the defendant.

ALLEN, C. J.   The trial court's decree appears to be based upon the theory that the scope of judicial authority in granting alimony in cases of divorce and legal separation extends to cases where no divorce or separation is sought or where no ground for divorce has accrued.

The statute (P. L., c. 287, s. 29) creating judicial power to act in the situations for which it provides is not explicit in defining the extent of the power.   It provides that "Whenever the husband is insane, or whenever a cause is in existence which is, or if continued

will be, a cause for a divorce in favor of the wife, the superior court, upon petition of the wife and such procedure thereon as in divorce cases, may . . . make to her a reasonable allowance out of the estate of the husband for the support of herself and [minor children whose custody may be granted to her] . . . . . all subject to such limitations and conditions as the court shall deem just."

Its language contrasts with that of the statute (P. L., c. 287, s. 16) providing for alimony upon a decree of divorce or nullity and vesting the court with power to "restore to the wife all or any part of her estate" and to "assign to her such part of the estate of her husband, or order him to pay such sum of money, as may be deemed just," with the incidental power to compel him "to disclose, under oath, the situation of his property." In legal separations, the statute (P. L., c. 287, s. 25) gives the court the same power as to "allowances, alimony, . . . and division or apportionment of the property of the parties, as in cases of divorce."

Properly, when no divorce is sought, and especially when as here no cause for divorce has matured, the wife's right to share in the husband's estate may be limited to allowance for her needs of support while the marriage relation continues. It is not the policy of the law to encourage or harden marital disturbance and discord, or to impair the chance of reconciliation. Condonation of wrong is a well recognized principle for undoing its legal consequences. And when, as here, wrongs entitling the injured party to a divorce are uncompleted because the required period for their continuance has not elapsed, there is no policy by which it is to be assumed that they will be thus completed. During the required period abandonment or willing absence may be terminated by the wrongdoer, regardless of the injured party's consent or desire. The limited duration of the abandonment or absence is to be regarded more from the standpoint of a temporary than of a final situation.

While alimony orders in cases of divorce and legal separation are at all times subject to modification and revision, the destruction of the marital status forms a factor of more permanence in respect to them than in cases where divorce or separation may not be granted or is not desired. In the event of a divorce or legal separation neither party has any rights in the estate of the other upon the latter's death, while such rights otherwise exist unless a cause of divorce against the surviving spouse has previously matured (P. L., c. 306, ss. 18, 19).

In one aspect, and generally, the assignment of a portion of a

husband's estate to the wife is a provision for her support. *Kennard* v. *Kennard*, 87 N. H. 320, 327, and cases cited. But the assignment may be decreed when the husband obtains the divorce. *Janvrin* v. *Janvrin*, 59 N. H. 23, and cases cited. Since the divorce in his favor predicates the wife's loss of right to further support, it follows that in such cases the alimony is an adjustment of property rights upon an equitable division, and such adjustment is an element for consideration in all cases, either distinct from or merged with the loss of marital support.

It would be unjust to assign any part of an insane man's estate to his wife, and the statute is not to be construed to authorize it. But the statute places upon his estate the same charge to which it subjects men against whom a cause of divorce, either matured or inchoate, exists. It would also be a defeat of justice to assign to a woman a part of her husband's estate and then permit her to receive upon his death the full share of a widow in his estate remaining. But her rights as a widow are not controlled by any principle of ademption.

These considerations lead to the conclusion that the applicable statute is designed only to secure support upon the basis of needs as they continue to exist while the situations the statute provides for continue to exist. It adopts the concept of a running account rather than of a comprehensive settlement which is to be left in abeyance until the event of a divorce.

The history of the statutes confirms this view. The alimony statute has undergone no changes except in verbal respects since its enactment in 1791. Restoration to the wife of her property and assignment to her of such part of her husband's estate as, "all circumstances duly considered," were thought just and reasonable, were thereby stated in terms. Laws N. H., 1830, Title xxviii, c. 1, s. 2.

The statute here applicable traces back to Laws 1840, c. 573, s. 4. This section gives a deserted wife the right to petition for a sale of her husband's property, the proceeds of which are to be used to maintain her and their minor children. In the ensuing revision of the statutes (Rev. St., c. 149, s. 2) the court was authorized to "require bonds for the faithful application of such proceeds." At a later time insane husbands as well as those giving their wives matured or unmatured cause of divorce were under the same liability to have their property thus sold and used. Gen. St., c. 164, s. 3.

In 1887 an act (Laws 1887, c. 24) gave a wife the right to apply "to have the estate of the husband or some part thereof assigned or

set off to her, or for her benefit and that of any minor children." But in the revision of the statutes in 1891 (P. S., *c.* 176, *s.* 4) this right was not included in terms, and that it was intentionally omitted is indicated by the material change of the act in the Commissioners' Report for the revision. Comm'rs Rep., 1890, *c.* 175, *s.* 4. An amendment in 1907 related only to temporary orders. Laws 1907, *c.* 31. The present statute (P. L., *c.* 287, *s.* 29) differs from it only verbally.

The brief correlation of the statute with the alimony statute from 1887 to 1891 is of special service as an aid to construction of the existing statute. Its enactment was a departure from the statute (G. L., *c.* 183, *s.* 15) which it repealed, in expanding the terms of judicial authority, while the 1891 revision of the statutes restored the repealed statute in practically identical form, but in material amendment of the 1887 act. As the only material change was in the omission of the provision for assignment, the legislative purpose that relief should not extend to include an assignment, seems clear. It follows that the orders for payment of the defendant's debt to his wife and for the assignment of a part of his estate to her were erroneous. And as the order for weekly payments was made as an interrelated part of the entire decree, it is also vacated. The defendant should be ordered to pay the plaintiff an allowance adequate to her needs of support and according to his ability to pay both from his earning capacity and from his other resources.

In a new decree providing for maintenance the court may require the defendant to assign such of his estate as may be designated to be held as security for the payments for maintenance. The statutory provision that the procedure shall be the same as in divorce cases is authority therefor. If the life insurance policy is to be ordered thus held, it would seem that the defendant should be enjoined from taking its cash surrender value as well as ordered to change the beneficiary, in order that it may be effectively held as security.

The statute gives the plaintiff no special rights to enforce the collection of the note due her.

*Exception sustained.*

All concurred.