Coös,
Feb. 2, 1943. } No. 3389.

LANCASTER NATIONAL BANK & a. v. WHITEFIELD SAVINGS BANK & TRUST CO.

*Bernard Jacobs*, by brief, for the plaintiffs.

*Edgar M. Bowker*, by brief, for the defendant.

ALLEN, C. J.   The real inquiry is whether the defendant acquired greater security than its mortgages furnished by means of a procedure not contested by the plaintiffs.

If the conditional judgment was valid, it enlarged the security by altering it.   Instead of limiting each of the three debts to the security of a separate third interest in the real estate, as provided by the mortgages, it gave each debt proportionate security of the full title.   Its effect was to establish a single composite debt secured by a single composite mortgage.   It merged the debts into their aggregate as a unit and consolidated the mortgages into a single general security for that aggregate.   The debts varying in amount, a special result was to enlarge the security for the one least in amount. Limited by the mortgage securing it to a one-third interest in the real estate, it was absorbed into a single judgment debt having security of the full and undivided title in the property mortgaged.   In brief, the judgment bestowed a benefit of security over and above that of the mortgages.   The effect to impair the rights of those owning or having claims against the equity in the property is self-evident, and the gross injustice thereby brought about has no legal sanction.

The defendant takes two positions in defence of the judgment. One is that it was rendered in the exercise of the "best inventible procedure," and the other is that the plaintiffs as parties to the fore-

closure action and consenting to the judgment waived their rights to contest it. Neither position is maintainable.

On the first ground, the proposition that procedure may be upheld in furtherance of convenience and expediency when its effect is to create substantive rights is unknown to the law. Procedure is far from best when it injures. It is only when it is a workable device to simplify judicial mechanism that a new method of procedure is adopted, and it is not available if it produces results in conflict with substantive rights. The procedure here in its effect to enlarge the defendant's mortgage liens and to diminish the attachment liens of the plaintiffs is strikingly erroneous.

On the ground that the plaintiffs as parties to the foreclosure action are concluded by the judgment, the defendant ignores the equitable rights of a party to have a judgment vacated or modified. The power of the court thus to deal with a judgment in cases of mistake not due to fault or negligence has been repeatedly and consistently asserted. *Clough* v. *Moore*, 63 N. H. 111; *Lamarre* v. *Lamarre*, 84 N. H. 441, 444, 445, and cases cited. Here the trial court's order carries the implied finding of such mistake, and no evidence is transferred to support any claim that the finding could not be made. The effect of the order of conditional judgment may well have been blamelessly unappreciated and unrealized when it was agreed to, even by a lawyer of ability.

Technically the plaintiffs appear to have sought and obtained their right to redeem without a modification of the order of conditional judgment. The judgment was in part an order for the issuance of a writ of possession by which the defendant was to be invested with seizin of the property according to the full title of the mortgagors. As it stands, it bars the relief sought. By amendment of the bill and an order changing the judgment to a form which will establish the rights of the plaintiffs as herein stated, their right of redemption will be perfected.

*Case discharged.*

All concurred.