Hillsborough, May 6, 1947. } No. 3655.

EMERY M. BUSSEY *v.* MERCY B. BUSSEY.

*George R. Scammon* and *Lindsey R. Brigham* (*Mr. Brigham* orally), for the plaintiff.

*Robert J. Doyle* and *Paul J. Doyle* (*Mr. Paul J. Doyle* orally), specially, for the defendants, Cyrilla G. Bussey and Loretta May Bussey.

JOHNSTON, J. It cannot be doubted that so far as jurisdiction over the subject matter is concerned, a court has power to vacate its judgments for sufficient cause. "As a general proposition, courts have power to set aside, vacate, modify, or amend their judgments for good cause shown." *Adams* v. *Adams*, 51 N. H. 388, 396. This must be so, since otherwise an injustice caused by a voidable judgment could not be corrected as there can be no collateral attack by another court. *Wilson* v. *Otis*, 71 N. H. 483.

"In this respect decrees in divorce suits stand upon the same footing as other judgments, both upon principle and authority." *Adams* v. *Adams, supra,* 396. "A court, however, has authority to purge its own records and may set aside a judgment at any time when it appears that the court has been imposed upon by extrinsically fraudulent acts. . . . The court's power in this respect is not dependent on whether property rights are involved." *Rivieccio* v. *Bothan,* 27 Cal. (2d) 621, 625; R. L., *c.* 339, *s.* 12; *Tuttle* v. *Tuttle,* 89 N. H. 219; *Sandberg* v. *Sandberg,* 81 N. H. 317. It is true that after the libellant has remarried, had one or more children by the later marriage and died, the power to vacate the divorce decree should be exercised only with great caution.

The grounds specified in the motions to dismiss that Emery M. Bussey cannot be made a party to the petition and that the court has no jurisdiction over the person of the daughter are insufficient as the Trial Court properly ruled. The proceeding to vacate the decree is one *in rem.* No judgment in *personam* is sought against the daughter. The court's own judgment is the *res* and is within its jurisdiction. "The claim that a modification of the order, upon notice served in New York, would be a denial of the defendant's constitutional right to due process of law, rests upon the erroneous proposition that this proceeding is a new suit, in which the defendant is entitled to insist upon service of process before he can be required to respond. The present proceedings 'are rather a continuation of the original litigation than the commencement of a new action,' and 'may be taken upon such notice, personal or constructive, as the State creating the tribunal may prescribe.' *Pennoyer* v. *Neff,* 95 U. S. 714, 734." *Cowles* v. *Cowles,* 80 N. H. 530, 532. Property within the state is not necessary to confer jurisdiction, although some courts have held differently. However, in this court by brief and orally both the plaintiff and the defendants have treated the motions to dismiss as if they were demurrers, which admitted the allegations of the petition and raised the question of whether there was any valid ground in law for granting the relief requested. *Bell* v. *Pike,* 53 N. H. 473, 475.

By the weight of authority proceedings to vacate a divorce decree will not lie after the death of one of the parties unless property rights are involved. "Each party to this record is a single woman. This is inevitable, whatever the character the decree of divorce. If valid, it merely fixes the plaintiff's status as such a few years earlier than otherwise was accomplished by the death of Henry Lawrence. If invalid, setting it aside will not affect her status as an unmarried

woman. And the court will not, for the mere purpose of satisfying a sentiment, inquire which is the widow of the deceased. But, where some property right hinges on the question, the past status of these parties may become the subject of judicial investigation." *Lawrence* v. *Nelson*, 113 Iowa 277, 278. See also, 17 Am. Jur. 378, 379; 157 A. L. R. 6, 53; 3 Nelson, Divorce, *s.* 28.24; *Beavers* v. *Bess*, 58 Ind. App. 287; *Scheihing* v. *Company*, 180 Md. 168. Where the court does take jurisdiction for the purpose of adjusting property interests, such determination must be made in accordance with equitable principles. "But where the court is not invited to act until the marriage in question is irrevocably dissolved by a power beyond the control of any court of justice, we have a different situation. Such is the present case—a mere property controversy, based on the existence or non-existence of a valid divorce decree. Therefore the equitable principles which ordinarily rule property rights should be applied." *McElrath* v. *McElrath*, 120 Minn. 380, 385. Moreover the status of an innocent second wife and of any children of hers should be considered as well as any fraud on the first wife.

The present petition makes no allegation of any property left by the deceased spouse. It does not state sufficient grounds for relief.

*Petition dismissed, nisi.*

DUNCAN and BLANDIN, JJ., did not sit: the others concurred.