Rockingham,  
Dec. 4, 1951. } No. 4067.

DANIEL E. FOWLER *v.* MABEL M. FOWLER.

*John W. Perkins* and *Everett P. Holland* (*Mr. Holland* orally), for the plaintiff.

*William H. Sleeper* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for the defendant.

DUNCAN, J. The defendant's motion was erroneously denied upon the ground that the court was without authority to make the requested orders in a case where the marriage was void *ab initio*. By the early statute of 1791, marriage by a party knowing a former spouse to be alive was made a cause for divorce; and the court was authorized to enter a decree restoring or assigning property to the wife in such a case as in cases of divorce for other causes, without distinction. 5 N. H. Laws 732. No change was made in the authority of the court when jurisdiction to enter a decree of nullity was recognized, and marriages solemnized in this state where either party had a former spouse living to his or her knowledge were declared to be void without legal process. R. S. (1842) c. 148, ss. 1, 2; *Heath* v. *Heath*, 85 N. H. 419, 431. R. L., c. 339, s. 16, expressly confers authority "upon a decree of nullity. . . " to order the wife's estate restored, and to assign to her such part of the husband's estate, or to order him to pay such sum of money, as may be deemed just. The applicability of the statute in a case arising out of a void marriage was expressly recognized in *Bickford* v. *Bickford*, 74 N. H. 448.

The authority of the court derives from the statute, and is in no way made to depend upon the existence of a marriage which was merely voidable, rather than void. See *Stapleberg* v. *Stapleberg*, 77 Conn. 31, 35; *Heath* v. *Heath*, 85 N. H. 419, 432. Common law principles which might produce a different result do not apply. See Schouler, Marriage, Divorce, Separation & Domestic Relations (6th *ed.*) s. 1166; Keezer, Marriage and Divorce (2d *ed.*) s. 187.

The temporary order for support was properly entered upon the defendant's petition for separate maintenance. R. L., c. 339, s. 31. When it was entered, the existence of the marriage was in dispute, and no question of the validity of the order was then raised. See

anno. 110 A. L. R. 1283. The order remained in effect until dissolved, and the plaintiff might not rightfully cease payments without judicial relief from the order. *Eaton* v. *Eaton,* 90 N. H. 4, 8. The authority of the court to require compliance with the order is not lacking.

The defendant is entitled to be heard upon her motion, and to such relief as the court "may think just and reasonable; 'all circumstances duly considered.'" *Sheafe* v. *Sheafe,* 24 N. H. 564, 568; *Baker* v. *Baker,* 90 N. H. 307, 309. Alimony is commonly regarded as "an allowance to the wife upon the termination of the marital relation by divorce." *Wallace* v. *Wallace,* 75 N. H. 217, 218; *Kennard* v. *Kennard,* 87 N. H. 320, 327. But it is also understood to include as an element for consideration, the "adjustment of property rights upon an equitable division." *Baker* v. *Baker, supra,* 309. In the determination of what adjustment justice may require in this case, the circumstance that the marriage was void *ab initio* is a circumstance properly to be considered by the Trial Court, together with any other pertinent circumstances disclosed. *Cf. Hayes* v. *Rollins,* 68 N. H. 191. On the other hand justice may be thought to require appropriate provision in the plaintiff's favor because of property brought by her to the purported marriage, or contributions thereafter made toward the joint acquisition of property by the parties. *Cf. Cross* v. *Cross,* 63 N. H. 444, 446. Whether provision should be made for other reasons rests in the sound discretion of the court, exercised in the light of what the evidence indicates "may be . . . just." R. L., c. 339, s. 16, *supra; Kennard* v. *Kennard,* 81 N. H. 509.

*Exception sustained.*

All concurred.