UNITED STATES of America

v.

Joseph George **BOUFFORD.**

Crim. A. No. 6361.

United States District Court
D. New Hampshire.
May 10, 1956.

For opinion of Court of Appeals, see 239 F.2d 841.

Maurice P. Bois, U. S. Atty., Concord, N. H., William Maynard, Asst. U. S. Atty., Plymouth, N. H., for plaintiff.

Robert Shaw, Exeter, N. H., for defendant.

CONNOR, District Judge.

Two elements must be present in order to violate the statute here involved, 18 U.S.C. § 1015(a). The first, intent, is admitted by defendant, and is not in dispute. The second, the making of a false statement, is denied, and is the only point

of controversy in this case. The defendant asserts that when he answered "once" to question No. 22 of Government's exhibit one[1], he was not making a false statement, since the second marriage was bigamous, and, under the law of the situs, was null and void. This position assumes that "married" as used in question No. 22 refers to the state of wedlock, while, on the contrary, the law has often recognized that the word has a double connotation and can mean either the ceremony or the state of wedlock. Ex parte Suzanna, D.C.Mass., 295 F. 713. And it has been observed that the word "marriage" may be applied to a bigamous relationship. McBride v. Graeber, 16 Ga.App. 240, 85 S.E. 86.

■■ The issue at bar resolves itself to the meaning of question No. 22. It seems to me to be the better view that "married" as used in the question refers to the ceremony as well as to the state of wedlock. The purpose of the Government in asking the question was undoubtedly to discover what possible legal obligations, liabilities and relationships the applicant for citizenship may have contracted in the past. This includes all of his involvements in valid, voidable, and void marriages or the marriage ceremony. And though the defendant was married only "once" in the sense that he had entered into only one valid state of wedlock, it is also true that he was married "twice" in that the second marriage ceremony, though a nullity, could give rise to certain legal responsibilities. Fowler v. Fowler, 97 N.H. 216, 84 A.2d 836.

I conclude, therefore, that the defendant did knowingly make a false statement under oath in his application for citizenship, and accordingly I find the defendant guilty as charged.

1. Exhibit one was the top half of Government Form N–400 issued by the United States Department of Justice and entitled "Application for a Certificate of Arrival and Preliminary Form for Petition for Naturalization." The pertinent part of question 22 as answered by the defendant reads as follows: "How many times have you ever been married? *Once.*"