Hillsborough,
No. 4863.

SAMUEL S. SALITAN & a. d/b/a CREDIT INDUSTRIAL CO.

*v.*

FRED TINKHAM d/b/a PELHAM LUMBER CO.

Submitted November 3, 1960.

Decided November 30, 1960.

*Harkaway & Ryan* for the plaintiffs.

*Leonard & Leonard* for the defendant.

DUNCAN, J.  The entry of summary judgment by the Trial Court implied a finding that "no genuine issue of material fact exists." RSA 491:8a (supp).  See *Nashua Trust Co.* v. *Sardonis,* 101 N. H. 166, 170.  The statute contemplates that such a finding may be made upon affidavit, and requires the moving party to file "affidavits based upon personal knowledge of admissible facts as to which it appears affirmatively that the affiants will be competent to testify."

The substantive rights of the parties are controlled by provisions of the Uniform Negotiable Instruments Law appearing in RSA 337:52-59.  Section 59 provides in part:  "Every holder is deemed *prima facie* to be a holder in due course; but, when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course."  Section 55 provides that the title of any person who negotiates an instrument is "defective" when he "obtained [it] by fraud," among other means.

The issue presented by the exception is whether the record establishes the plaintiffs' right to summary judgment.  The office of the proceeding is not the trial of disputed issues of fact, but expedition of the litigation when it appears that no such issues exist.  *Norwood Morris Plan Co.* v. *McCarthy,* 295 Mass. 597, 603; 10 Cyc. of Federal Procedure (3d *ed.*) *s.* 35.19;  49 C. J. S., Judgments, *s.* 220 (c).  Under our statute the precise issue is whether a "genuine issue of material fact exists."  RSA 491:8a (supp) *supra.*

This was an issue which could not properly be determined in favor of the plaintiff upon the affidavits and instruments filed with the court.  The negotiable instrument law (RSA 337:59, *supra*) charged the plaintiffs with the burden of establishing that they were

holders in due course if the title of any prior holder could be found defective. As moving parties, the plaintiffs likewise had the burden of establishing their right to enforce the acceptances by affidavits complying with the summary judgment statute. RSA 491:8a (supp) *supra*. They were entitled to prevail only upon the strength of the affidavit which they filed. See 6 Moore's Federal Practice (2d *ed.*) s. 56.15[3].

The affidavit of the defendant was sufficient to raise the issue that the drawer of the instruments had practiced fraud upon him to induce their execution. See *Sonabend* v. *Charron*, 86 N. H. 386. This placed upon the plaintiffs the burden of showing that they were holders in due course by uncontroverted evidence, in the form prescribed by the summary judgment statute, establishing that they "took [the instruments] in good faith and for value," and "that at the time [they were] negotiated [they] had no notice of any . . . defect in the title of the person negotiating" them. RSA 337:52 III, IV. By RSA 337:56, "notice" of a defect in title consists either of actual knowledge of the defect or of knowledge "of such facts that [the] action in taking the instrument[s] amounted to bad faith." See Honigman, Proof of Good Faith, 23 Mich. L. Rev. 870; note 80 U. of Pa. L. Rev. 717.

In addition to failing to state "admissible facts as to which it appears affirmatively that the affiants will be competent to testify," the plaintiffs' affidavit is defective in other respects. While it states that the instruments were acquired for "a valuable consideration," this falls short of establishing that they were not purchased at a discount suggestive of bad faith. See *Mechanics Sav. Bank* v. *Feeney*, 79 N. H. 267. The affidavit states that the plaintiffs bought the acceptances "without notice and in good faith," which is a legal conclusion rather than a statement of any facts which would warrant such a conclusion. *Budget Charge Accounts* v. *Petrowski*, 155 N. Y. S. 2d 681.

Moreover statements attached to the original instruments, in the form of "advice" from the collecting agent, indicate that none of the instruments was protested. By inference, this was upon instruction of the holder, a circumstance considered in *Security Nat. Bank* v. *Porter*, 79 N. H. 344, to support a conclusion that the holder was not a bona fide owner. In short, while the affidavit advanced a claim of no notice and of good faith, it disclosed no facts which would establish that the instruments were so acquired. See *Dube* v. *Cromwell Drug Co.*, 284 App. Div. (N. Y.) 1040.

Upon this record it could not properly be determined that there was no genuine issue of fact as to whether the plaintiffs became holders in due course. See *Hallock* v. *Young,* 72 N. H. 416; *Ensign* v. *Christiansen,* 79 N. H. 353; *Land Finance Corp'n* v. *Company,* 83 N. H. 518. *Cf. National Radiator Co.* v. *Holden,* 91 N. H. 88.

We hold that the affidavit filed by the plaintiffs did not satisfy the requirements of the summary judgment statute as to form, and did not afford a basis for finding that no genuine issue of material fact existed. Accordingly the order of the Trial Court is vacated, and the action is remanded for trial.

*Exception sustained; remanded.*

All concurred.