Carroll,
No. 5325.

### RICHARD STRITCH v. NAIDA STRITCH.

Argued June 2, 1965.
Submitted July 23, 1965.
Decided October 5, 1965.

410

*Sheehan, Phinney, Bass & Green* and *John M. Tobin* (*Mr. Tobin* orally), for the plaintiff's executors.

*McLane, Carleton, Graf, Greene &Brown* and *G. Peter Guenther* (*Mr. Guenther* orally), for the defendant.

DUNCAN, J. By decree dated February 4, 1960, a divorce was decreed to Richard Stritch, and a cross-libel by his wife was dismissed. The decree adjudged Naida to be the owner of certain real and personal property in Florida and New Hampshire. Richard was ordered to pay $10,000 toward Naida's legal expenses, to hold her harmless from certain tax liabilities, and "to pay . . . towards her support the sum of [$225] a week for the period of three years from the effective date of this Decree."

Richard died on July 3, 1962, a resident of New York, in which jurisdiction his executors were appointed, and later served with the defendant's motions. The executors contend that the Court was without jurisdiction and that Richard's obligation for weekly payments terminated with his death. The defendant maintains that the decree for weekly payments for a fixed period of three years

was binding upon Richard's estate upon his death, and being within the jurisdiction of the court to make, is accordingly enforceable against his estate.

Jurisdiction to enter the orders which were made on August 15, 1964 in this case is not open to question. *Bussey* v. *Bussey*, 94 N.H. 328. The law is well settled that jurisdiction in divorce proceedings is a continuing one with respect to "all subsequent proceedings which arise out of the original cause of action." *Madsen* v. *Madsen*, 106 N.H. 267, 268, and cases cited. See RSA 556:15. The plaintiff's executors were duly notified and afforded an opportunity to be heard. *Id.*, 269.

The executors argue that divorce proceedings abate upon the death of either party. *Kimball* v. *Kimball*, 44 N.H. 122; *Leclerc* v. *Leclerc*, 85 N.H. 121, 122. However this general statement is subject to recognized qualifications which prevent its operation in this case. *Bussey* v. *Bussey, supra; Tuttle* v. *Tuttle*, 89 N.H. 219; *Leclerc* v. *Leclerc*, 85 N.H. 121, *supra*, 123. We are here concerned solely with the rights of the parties with respect to the provisions of the divorce decree relating to alimony. See Annot. 39 A.L.R. 2d 1406. The executors rely upon the statement in *Robertson* v. *Brewer*, 88 N.H. 455, *supra*, 456 that: "Alimony is 'the support which the court decrees in favor of the wife as a substitute for the common-law right of marital support' "; and argue that since support is a personal obligation, as there stated, the order must be considered to have terminated at the husband's death.

In the *Robertson* case, no opinion was expressed on the question of whether a decree for payment of alimony "during the life of the wife may be enforced after the death of the husband." *Id.*, 456. The more recent case of *Guggenheimer* v. *Guggenheimer*, 99 N.H. 399, fairly indicates that it may. Other more recent cases also underline the concept that alimony is something more than a mere substitute for support. "[I]t is also understood to include as an element for consideration, the 'adjustment of property rights upon an equitable division.' *Baker* v. *Baker* [90 N.H. 307, 309]." *Fowler* v. *Fowler*, 97 N.H. 216, 218.

In the case before us, the husband was found to have a "net worth of . . . probably around . . . $500,000" and a net income of approximately $75,000 a year. Aside from the order for weekly payments, the provisions of the decree in favor of the defendant wife only served to preserve her right to property which was hers during the marriage. The statement that the weekly payments for

a fixed term were to be paid "towards her support" did not conclusively establish that no "adjustment of property rights upon an equitable division" (*Baker* v. *Baker, supra*) was involved. Here as in *Baker* v. *Baker, supra*: "Since the divorce in [the husband's] favor predicates the wife's loss of right to further support, it follows that the alimony is an adjustment of property rights . . . . " *Baker* v. *Baker*, 90 N.H. 307, 309.

The weekly payments were ordered to be made for a fixed term of years with no condition attached by which they should terminate upon the death of the husband or for other reason. *Welsh* v. *Welsh*, 346 Mich. 292. See *Taylor* v. *Gowetz*, 339 Mass. 294. The salient feature of the case is that the Presiding Justice who entered the original order has interpreted it to be binding upon the husband's estate. *Lear* v. *Brodeur*, 84 N.H. 549; *Laplant* v. *Laplant*, 99 N.H. 357, 358. We hold that the orders entered upon August 15, 1964 were orders which the Court had jurisdiction to make, and that no error is demonstrated.

*Exceptions overruled.*

BLANDIN, J., did not sit; the others concurred.