Hillsborough
No. 6598

CHARLES K. HAMBLETT v. BARBARA J. (HAMBLETT) LEWIS

April 30, 1974

*Sulloway, Hollis, Godfrey & Soden* and *Michael R. Callahan* (*Mr. Callahan* orally) for the plaintiff.

*Flynn, Powell, McGuirk & Blanchard* (*Mr. Raymond P. Blanchard* orally) for the defendant.

PER CURIAM. The primary issue in this case is whether the evidence supports the trial court's finding that a divorce stipulation which provided for fixed annual alimony to the defendant, contemplated an adjustment of property rights so as to require the plaintiff to continue payments after the defendant's remarriage. The plaintiff filed an action to modify the divorce decree due to changed circumstances, and following a hearing, the Trial Court (*Batchelder*, J.) ordered a partial modification of the decree but did not wholly grant the requested relief. The plaintiff's motion to set aside this order as being against the weight of the evidence was denied and his exception thereto was reserved and transferred.

On August 5, 1963, the parties were divorced after sixteen years of marriage. The decree embodied a stipulation agreed to by the parties, the plaintiff who is a lawyer being represented by counsel and the defendant acting pro se. The stipulation provided in part that the defendant should have the custody of the two minor children and ownership of the family house in Nashua, its contents and a car. It specifically referred to the effect of remarriage on visitation rights. The stipulation also required the plaintiff to maintain certain insurance policies for the benefit of the defendant and the children and required the plaintiff to pay the defendant "$5900 per year, two thirds thereof for support of said children and the balance as alimony, the same to be paid in equal monthly installments commencing forthwith. The aforesaid amount shall be reduced by one-sixth there-

of upon the occasion of the first of said children ceasing to be dependent for support upon the parties hereto, and shall be further reduced by one quarter thereof upon the occasion of the other of said children ceasing to be dependent for support upon said parties." The defendant has fully complied with this stipulation since the divorce. Both parties have remarried and the children have now attained their majority.

The issue in this case turns on whether the trial court properly interpreted the above quoted provision of the stipulation. The court found that the provision for alimony "contemplated an adjustment of property rights", and ordered the plaintiff to continue payments at the rate of $2,000 per year despite the defendant's remarriage. The plaintiff asserts there is no evidence to support the court's finding of such an intent and argues the $2,000 figure is arbitrary and without foundation in the stipulation. The defendant responds that there was evidence to sustain the court's finding of a property division and contends that the $2,000 figure was implied in the one-third "balance" of $5,900 which the plaintiff was obligated to pay "as alimony".

The relevant portion of the New Hampshire alimony statute (RSA 458:19) has not undergone any substantial change since its enactment in 1791. *Baker v. Baker,* 90 N.H. 307, 309, 9 A.2d 767, 768 (1939). It reads in part that "[u]pon a decree of nullity or divorce, the court may restore to the wife all or any part of her estate, and may assign to her such part of the estate of her husband, or order him to pay such sum of money, as may be deemed just . . . ." RSA 458:19.

The confusing relationship between alimony as an allowance for support and alimony as a property division is illustrated in the following comment from H. Clark, Jr., The Law of Domestic Relations § 14.8, at 449-50 (1968) (footnotes omitted). "It now becomes necessary to ask whether there is any distinction between a decree granting alimony and one ordering transfers of property. It would be nice if this troublesome question could be ignored, but unfortunately the law has developed so that important consequences depend upon whether a particular award is labeled alimony or a

property division. In addition to the very source of the court's power to make the decree in question, the method of enforcement and the existence of power to modify the decree are at stake. Alimony orders are generally held modifiable and enforceable by contempt proceedings, while property orders are not. Alimony generally ends on the remarriage of the wife, while property orders do not. Further, the fault of the parties is relevant in setting alimony, but not in arriving at a division of property, at least in some jurisdictions. And alimony receives different federal tax treatment from that given to property divisions."

In determining the appropriate amount of orders for support and for property division, a trial court must necessarily take account of the financial status of both parties to the divorce action. For purposes of support and maintenance of the wife, the size of her portion of the marital property has a bearing on her need. *Stritch v. Stritch,* 106 N.H. 409, 411-12, 213 A.2d 426, 427-28 (1965); *Fowler v. Fowler,* 97 N.H. 216, 218, 84 A.2d 836, 838 (1951); *Baker v. Baker,* 90 N.H. 307, 309, 9 A.2d 767, 769 (1939); *see* Hofstadter & Levittan, *Alimony - A Reformulation,* 7 J. Fam. L. 51, 55-57 (1967); Zuckman & Fox, *The Ferment in Divorce Legislation,* 12 J. Fam. L. 515, 566-71 (1973). Thus, although support and property division are legally distinct, they are factually interrelated.

In the present case the stipulation provided for "alimony" to the defendant, in the amount of $1,967 per year (one-third of $5,900). The gross amount of alimony and child support was to be reduced by $983 (one-sixth thereof) on the occasion of the first child attaining majority and further reduced by $1,475 (one-quarter thereof) on the occasion of the second child attaining majority resulting in a reduced annual figure of $3,442, after the children should no longer be dependent.

The language of the stipulation was silent as to the effect of remarriage on this arrangement. The testimony of the parties at trial was conflicting as to whether the matter was discussed at the time the stipulation was prepared. The defendant stated that the plaintiff had informed her that she would receive the portion of the original amount that remained after the children left without any limitation as to remarriage.

The plaintiff disagreed and testified that the subject of remarriage had not arisen with respect to payments to the defendant, but that he had never intended them to continue after her remarriage.

The stipulation is clearly amgibuous in this respect because the amount designated as "alimony" ($1,967) does not correspond with the amount payable after the children should attain majority ($3,442). In searching for the intent of the parties, it is apparent that the trial court came to the conclusion that the "alimony" was in fact a "property division" and thus modified the decree to an approximate round figure. The form of an agreement between parties "does not always reveal its true substance". H. Clark, Jr., The Law of Domestic Relations § 14.8, at 450 (1968); see Stritch v. Stritch, 106 N.H. 409, 411, 213 A.2d 426, 427-28 (1965); Baker v. Baker, 90 N.H. 307, 309, 9 A.2d 767, 769 (1939). The trial court heard evidence that the defendant understood the stipulation to include a payment of a yearly sum in cash which she should receive "no matter what". Furthermore, she could have assumed that since remarriage was mentioned in the stipulation only in reference to child custody, it was not to apply to the financial arrangements of the divorce. Under these circumstances, it was not an abuse of discretion to construe the stipulation to include a property settlement in the amount of one-third of $5,900 per year. We think it was error however to order payments at the rate of $2,000 per year, and order the amount to be reduced to $1,967.

It is unnecessary to review the trial court's order concerning the custody of the younger child who was seventeen years old at the time of trial, but attained his majority while this case was on appeal. See RSA 21-B:1 (Supp. 1973).

*Plaintiff's exception overruled; decree modified.*

GRIFFITH, J., did not sit.