Nashua District Court
No. 7450

BRUCE A. COBURN & a.

v.

FIRST EQUITY ASSOCIATES, INC.

August 31, 1976

*Richard E. Boyer,* by brief and orally, for the plaintiffs.

*Winer, Lynch, Pillsbury & Howorth (Mr. S. Robert Winer* orally) for the defendant.

GRIMES, J. The issue presented by this transfer is whether the court erred in granting defendant's motion to set aside plaintiffs' summary judgment. The issue was reserved and transferred by *Gormley,* J.

Plaintiffs instituted suits against the defendant on October 10, 1974, in two counts of debt for wages due for two different periods of time, the period February 4 through February 23, 1974, and March 11 through April 15, 1974, under RSA 275:44-46 and :53, and a third count in quantum meruit for the value of services rendered for the same periods of time. On

January 25, 1975, plaintiffs filed motions for summary judgment with affidavits pursuant to RSA 491:8-a (Supp. 1975). On February 13, 1975, defendant filed answers and objections, which in effect served as a general denial of plaintiffs' motions for summary judgment, but which were not accompanied by counteraffidavits. On April 8, 1975, defendant filed counterclaims alleging damages against plaintiffs for breach of contract.

A hearing was held on plaintiffs' motions for summary judgment on April 16, 1975, and the motions were granted on April 18. Also on the 18th, defendant mailed motions to file affidavits, accompanied with the affidavits. On April 22, the defendant filed motions to set aside the summary judgments. Hearing was held on the defendant's motions on August 20, at which time the presiding judge disqualified himself. The hearing was rescheduled to August 27 which resulted in the court's decisions for the defendant of September 19, 1975, setting aside plaintiffs' summary judgments.

The plaintiffs' first contention was that the district court lacked the power to grant a hearing and order on defendant's motion to set aside the summary judgments. It is plaintiffs' argument that the power of the district court to grant summary judgment derives from statute, and thereby any power to set aside summary judgment must also be found in the statute. Since no statute grants the power, plaintiffs argue that no such authority exists.

We have long held that the court has the power to vacate its judgments for sufficient cause. *Russell v. Dyer,* 43 N.H. 396 (1861). "As a general proposition, courts have power to set aside, vacate, modify, or amend their judgments for good cause shown." *Adams v. Adams,* 51 N.H. 388, 396 (1872); *Bussey v. Bussey,* 94 N.H. 328, 329, 52 A.2d 856, 858 (1947); *Lancaster Nat'l Bank v. Whitefield &c. Trust Co.,* 92 N.H. 337, 339, 30 A.2d 473, 474 (1943). Once the court has been given the power to grant summary judgment, it has all the powers which are inherent in the court, including the power and duty to reexamine its judgment when the proper case is presented and to set aside that judgment if the court considers it to have been error. *See Hallahan v. Riley,* 94 N.H. 338, 341, 53 A.2d 431, 433 (1947); *Perkins v. Company,* 90 N.H. 534, 538-39, 13 A.2d 475, 476 (1940); *Lamarre v. Lamarre,* 84 N.H. 441, 444-45, 152 A. 272, 274 (1930).

The plaintiffs' second contention is that it was error for the court to grant the defendant's motion to set aside plaintiffs' summary judgment where the defendant failed to file counter-

affidavits within the time required under RSA 491:8-a (Supp. 1975). The purpose of the summary judgment statute is to determine whether there is any genuine issue of material fact which requires a formal trial on the merits. *Chemical Insecticide Co. v. State,* 108 N.H. 126, 129, 229 A.2d 167, 169-70 (1967).

RSA 491:8-a (Supp. 1975) provides that the facts as stated in the affidavits which accompany the party's motion for summary judgment "shall be taken to be admitted for the purpose of the motion unless within thirty days contradictory affidavits based on personal knowledge are filed . . . . If affidavits are not filed by the party opposing the summary judgment within said thirty days, judgment shall be entered on the next judgment day in accordance with the facts."

Although the statute is designed to reduce unnecessary trials, it is not intended that deserving litigants be cut off from their day in court. It is true that in *Amoskeag Savings Bank v. Patterson,* 110 N.H. 261, 266 A.2d 116 (1970), this court held that judgment should be entered in accordance with the facts included in the plaintiff's affidavit when no counter-affidavit was filed even though an answer had been filed denying that the defendant had signed the note in question. The court stated that the record did not show circumstances which would warrant the trial court in its discretion to consider a counter-affidavit filed seventy-five days after the time limit for such filing had expired.

The clear import, however, is that in a proper case, the court still does have discretion. RSA 491:8-a (Supp. 1975) states that summary judgment shall be rendered if the "pleadings, depositions, answers and interrogatories and admissions on file, together with the affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." It is clear therefore that the court is not confined to the affidavit itself in determining whether a genuine issue of material fact exists. The plaintiffs' affidavits in this case state no facts which establish their right to judgment but rather the mere conclusion that defendant is indebted to them in a stated amount for wages, liquidated damages and attorney fees and costs. *See Community Oil Co. v. Welch,* 105 N.H. 320, 199 A.2d 107 (1964); *Salitan v. Tinkham,* 103 N.H. 100, 166 A.2d 115 (1960); 73 Am. Jur. 2d *Summary Judgment* § 18, at 741 (1974).

In addition there was evidence that the attorneys for the respective parties had engaged in discussions relative to the merits of the respective claims so that both sides were aware of issues of mate-

rial facts before the filing of the motion for summary judgment and the affidavit in support of it.

Under all the circumstances, we hold that it was not improper for the court to set aside the summary judgment.

*Exceptions overruled.*

All concurred.