Rockingham
No. 7861

NILES A. CLEVESY

v.

BARBARA A. CLEVESY

September 27, 1978

*John B. Ford*, of Salem, orally for the plaintiff.

*Junkins & Gillis*, of Hampton (*Seth M. Junkins* orally), for the defendant.

GOODE, J. (By special assignment pursuant to RSA 490:3). Plaintiff, Niles A. Clevesy, appeals from the denial of his motion to reconsider an order renewing his alimony payments. The original order expired after three years under RSA 458:19.

The facts are basically the same here as in the companion case of *Clevesy v. Clevesy*, 118 N.H. 112, 383 A.2d 705 (1978). After the Trial Court (*Mullavey*, J.) denied Barbara Clevesy's petition for contempt, she brought this action under RSA 458:19 seeking renewal of the original order. The Master's (*Nicholas Copadis*, Esq.) recommendation that the order be renewed was approved by *Mullavey*, J.

Both parties concede in their briefs that, at a hearing on the merits, plaintiff sought to introduce evidence of an understanding between him and his wife that his duty to make alimony payments would expire at the end of three years and would not be renewed, and that the master excluded that evidence. No transcript of the hearing

that resulted in the renewal of the order for payment of alimony was filed with this court, and nothing in the reserved case indicates that plaintiff's exceptions were noted. The only record before this court is a transcript of a hearing on plaintiff's motion for reconsideration of the order that renewed his obligation to pay alimony.

According to the transcript, plaintiff's counsel stated that he had "offered to show [the master during the hearing on the merits of the wife's petition for a court order renewing plaintiff's obligation to pay alimony for another three-year period] that . . . the parties understood [prior to the entry of the original divorce decree] that the alimony payments were to continue for three years, and that's the reason why he gave up the house, the furniture, and virtually all of the assets of the parties. And I'll put him on the stand to prove it if your honor will permit." The master refused the offer, denied plaintiff's motion to reconsider the order renewing plaintiff's obligation to pay alimony, and stated in his order "See transcript. . . ."

The transcript shows that the master relied primarily upon *Taylor v. Taylor*, 108 N.H. 193, 230 A.2d 737 (1967), and *Stritch v. Stritch*, 106 N.H. 409, 213 A.2d 426 (1965). The master relied upon the ruling in *Taylor* that the parties' written supplemental agreement providing for the wife's support during her lifetime or until her remarriage was in conflict with the authority of the court pursuant to RSA 458:19 to reconsider a support order after three years from the date of the order and could not be incorporated in the support decree. But in the case at bar, the question is not whether the oral understanding of the parties concerning support can be incorporated into the decree. The question is whether the master should have admitted into evidence testimony concerning the oral understanding of the parties and considered that evidence in deciding whether to recommend renewal of the support decree. The *Taylor* case held that the court should consider such evidence.

> While the supplemental agreement could not affect this power of the Court [to reconsider a support order pursuant to RSA 458:19] (citations omitted), it is one of the circumstances among all the others which may be considered by the Court in determining what, if any, order should be made with respect to an extension, renewal or modification.

108 N.H. at 195–96, 230 A.2d at 739.

The master also relied upon part of a sentence from *Baker v. Baker*, 90 N.H. 307, 9 A.2d 767 (1939), quoted in the *Stritch* case: "Since

the divorce in [the husband's] favor predicates the wife's loss of right to further support, it follows that the alimony is an adjustment of property rights. . . ." *Stritch v. Stritch*, 106 N.H. at 412, 213 A.2d at 428. But the remainder of the sentence in *Baker* states in part: "and such an adjustment is an element for consideration in all cases, *either distinct from or merged with the loss of marital support.*" 90 N.H. at 309, 9 A.2d at 769. (Emphasis added.)

In *Stritch*, one of the issues was whether the husband's obligation to pay alimony pursuant to decree was a property right of the wife that survived his death and was chargeable to his estate, or whether it was the husband's personal obligation that terminated at his death. The court held that the alimony payments for a fixed term " 'towards [the wife's] support' did not conclusively establish that 'no adjustment of property rights upon an equitable division' (*Baker v. Baker, supra*) was involved," and that the wife could enforce the decree for payment of alimony as a property right after the husband's death. The court in *Stritch* ruled that the loss of marital support was an element that was considered in making the adjustment of property rights and was merged in the adjustment.

■ ■ In the case at bar, the master ruled as a matter of law that the decree awarding alimony was a property right and that "even if [plaintiff] were to prove that there was an oral agreement between the parties, it could not be considered. . . ." This ruling was erroneous. The right to receive alimony pursuant to court order could be a property right, but not necessarily as a matter of law. In the case at bar, after the decree of divorce had been entered, the trial court had twice modified the terms of the order awarding alimony before the case was assigned to be heard by the master on defendant's petition to renew the order. The master should have accepted plaintiff's offer to prove that plaintiff and his wife had an understanding concerning a property settlement and the duration of alimony payments, and, after considering the evidence, should have found and ruled whether there was such an understanding. If there was such an understanding, the master should have treated it as an element to be considered in deciding whether to grant plaintiff's motion to reconsider the grant of defendant's petition for a court order to renew plaintiff's obligation to pay alimony.

*Exceptions sustained; remanded.*

LAMPRON, C.J., and DOUGLAS, J., did not sit; BROCK, J., sat by special assignment pursuant to RSA 490:3; the others concurred.