Hillsborough
No. 78-212

JOANNE S. MAYO

v.

KENNETH S. KNAPTON, JR.

December 29, 1978

*Rinden Professional Association*, of Concord (*Paul A. Rinden* orally), for the plaintiff.

*Perkins, Upshall & Robinson, Professional Association,* of Concord (*Barbara B. DeHart* orally), for the defendant.

MEMORANDUM OPINION

This is an action wherein the plaintiff seeks to recover balances due under the terms of two promissory notes. The defendant entered a pro se appearance and at all times, before appeal, represented himself.

The plaintiff filed a motion for summary judgment and, more than thirty days later, the defendant answered by an unsworn pleading entitled "Defendant's Answer to Pending Plea of Assumpsit and Motion for Summary Judgment." *See* RSA 491:8-a (Supp. 1977). The plaintiff then filed (and served on the defendant by certified mail return receipt requested) requests for admissions which were not answered by the defendant within thirty days. *See* Superior Court Rule 51; RSA 491:App. R. 51 (Supp. 1977).

After a hearing and based on defendant's failure to properly and timely respond to the motion for summary judgment and requests for admissions, the Court (*Flynn,* J.) entered a verdict for the plaintiff.

Defendant, represented by counsel, then filed a motion to set aside the verdict and for other relief. The trial court, after a hearing, denied the motion and transferred defendant's exception.

█ Mr. Knapton first argues that his pleading was sufficient in form and substance as a counter-affidavit to comply with RSA 491:8-a (Supp. 1977). However, the record reveals that the pleading was not in proper form and that it was not timely filed. Although it appears to have been acknowledged before a notary public, it does not show that the defendant swore that the allegations were true. We find no error in the granting of the motion for summary judgment. *Johns-Manville Sales Corp. v. Barton,* 118 N.H. 195, 385 A.2d 118 (1978).

█ Defendant next argues that his failure to respond to the request for admissions, as required by the rules of the superior court, was insufficient grounds to justify entry of a judgment for the plaintiff. We have recently held that a "[T]rial court has broad discretion in determining whether to waive its rules. It is only an abuse of this discretion that will cause us to reverse the trial court's decision, and we will not substitute our judgment for that of the trial court." *R. J. Berke & Co. v. Griffin,* 118 N.H. 449, 452, 388 A.2d 1260, 1262 (1978) (citations omitted).

We agree that a trial court has, in the exercise of its sound discretion, inherent power and authority to set aside a summary judgment. *Coburn v. First Equity Associates, Inc.*, 116 N.H. 522, 363 A.2d 402 (1976). Upon review of the record, in the instant case, we cannot say that the court abused its discretion.

*Exceptions overruled.*

DOUGLAS and BROCK, J.J., did not sit.