Lucilla J. COBB, Appellant,

v.

Hubiesaw A. COBB, Deceased, Appellee.

No. 83–1490.

District of Columbia Court of Appeals.
Submitted Dec. 3, 1984.
Decided Nov. 20, 1985.

Karen E. Hakel, Washington, D.C., was on the brief, for appellant.

Judy L. Feinberg, Washington, D.C., was on the brief, for appellee.

Before NEBEKER and BELSON, Associate Judges, and PAIR, Senior Judge.

PAIR, Senior Judge:

This is an appeal from an order of the Superior Court dismissing the complaint of Lucilla Cobb, appellant herein, to set aside a divorce decree procured in 1976 by her former husband, Hubiesaw Cobb. A single issue is presented for our consideration, *viz.*, whether the Superior Court properly determined that it was not the appropriate forum to resolve questions concerning the validity of the 1976 divorce. Appellant submits that since the divorce decree was granted by the Superior Court, it was the proper court to entertain her complaint. We conclude, however, based on considerations other than those addressed below, that the jurisdiction of the Superior Court has not been established. Accordingly, we remand for further proceedings.

On April 20, 1982, appellant filed in the Superior Court a complaint against the estate of Hubiesaw Cobb, appellee herein, alleging that her 1976 divorce had been procured by fraud.[1] She sought to have set aside the divorce decree. Appellee on

---

1. The complaint was served on Brigida Soriano Cobb, the wife of Hubiesaw Cobb at the time of his death and executrix of his estate. Appellant maintained in the complaint that she had not received notice of the divorce suit because her husband had fraudulently represented to the court that her whereabouts was unknown.

July 8, 1982, moved to dismiss the complaint on the ground that the Superior Court did not have jurisdiction to adjudicate appellant's claim.[2] By an order dated August 3, 1982, the Superior Court granted appellee's unopposed motion to dismiss for failure of an opposition. An appeal to this court was taken following a subsequent ruling by the Superior Court denying appellant's motion to reinstate her complaint. On June 20, 1983, we reversed the court's order and remanded the case to the Superior Court with instructions to reinstate the complaint and decide appellee's motion to dismiss.[3]

On remand and upon consideration of supplemental memoranda submitted by the parties, the court dismissed appellant's complaint on the ground that "the probate court, in this instance, the Circuit Court of Fairfax, Virginia, [was] the appropriate court to consider and resolve the issue as to who is the lawful surviving spouse of the deceased [Hubiesaw Cobb]." This appeal followed.

The crux of appellant's argument is that the Superior Court had jurisdiction to adjudicate her claim and abused its discretion by refusing to exercise that jurisdiction. She submits that the Superior Court had authority to set aside its own divorce decree, even after the death of one party, and suggests that the court, by deferring jurisdiction to the Virginia probate court, denied her the "right to privileges and immunities under the Constitution." Appellant argues also that the doctrine of *forum non conveniens* was without application as a basis for the court's abdication of jurisdiction. Finally, appellant argues that since the Circuit Court of Fairfax County would not have, under applicable Virginia law, authority to address her claim, it was improper for the Superior Court to dismiss her complaint.

■ To reach appellant's contentions we must first satisfy ourselves that the trial court was correct in concluding that it had subject matter jurisdiction over the controversy.[4] As a general rule, a suit to set aside a divorce decree, allegedly procured by fraud, is actionable in Superior Court when the fraud perpetrated on the court was such that it deprived the defendant of notice of the pendency of the divorce proceeding. *See* 27A C.J.S. DIVORCE § 169 (1959). Appellant attempted to meet this jurisdictional requisite in the case at bar by alleging in her complaint that Hubiesaw Cobb "concealed from the [c]ourt [appellant's] true address and prevented [appellant] from receiving notice of the action against her and prevented her from defending such action." However, this allegation, even if taken as true, is insufficient by itself to vest jurisdiction in the Superior Court. Where, as here, a party to a divorce has died, the decree may be set aside for fraud only when property rights are involved. *Unger v. Unger,* 174 A.2d 84, 85 (D.C.1961).

In *Unger,* this court was faced with a factual scenario quite similar to that now before us. The plaintiff brought an action in the Domestic Relations Branch of the Superior Court to set aside a divorce decree granted to her former husband. The plaintiff also sought to be adjudged his lawful widow, as he had died prior to the com-

2. Appellee also maintained that appellant's complaint failed to state a claim upon which relief could be granted and was barred by the equitable doctrine of laches.

3. *Cobb v. Cobb,* 462 A.2d 461, 464 (D.C.1983). The trial court's refusal to reinstate the complaint, which prompted the initial appeal, was based on appellant's failure to comply with the filing requirements of Super.Ct.Dom.Rel.R. 5(e). *Id.* at 462. We held that although the court did not err in granting the motion to dismiss, it abused its discretion in denying the motion to reinstate. *Id.*

4. In its order dismissing appellant's complaint, the trial court concluded that it did have jurisdiction over her claim but that it would defer jurisdiction to the Virginia probate court. The parties did not brief this court on the issue of whether the trial court had subject matter jurisdiction to begin with. However, at oral argument, upon our inquiry, the parties made their positions on this issue known.

mencement of the suit. The action was initiated against a woman (the defendant), who had married the decedent after his divorce from the plaintiff. As grounds for voiding the divorce, the plaintiff claimed that the decedent purposely failed to reveal in the divorce proceeding that he had been involved in a bigamous marriage to the defendant.[5]

This court rejected appellant's claim on the ground that the fraud alleged, perjured testimony, was not the type of fraud that would warrant setting aside a judgment of divorce. *Id.* at 85–86. Yet, we recognized that the plaintiff had satisfied the "property rights" requisite to jurisdiction, saying:

> It is generally held that a divorce decree procured by fraud may be set aside after the death of the successful party when property rights are involved. Although the complaint here did not refer to any specific property rights, it did ask that appellant be adjudged the lawful widow of Morris Unger, "and as such to be entitled to all the lawful rights and interests arising from or growing out of the marriage relation." We feel the complaint may be reasonably construed as one brought because of some property rights or interests.

*Id.* at 85 (footnote citations omitted). From our examination of the record in the case *sub judice*, we are unable to discern whether any property right or interest is involved which, on the authority of *Unger*, would vest jurisdiction in the Superior Court.

■ Appellant's complaint to vacate the divorce decree did not allege that any property right or interest was involved. Nor did it contain a prayer for relief similar to

that which this court found dispositive in *Unger:* that the plaintiff be adjudged the lawful widow of the decedent "and as such ... be entitled to all the lawful rights and interests arising ... out of the marriage relation." *Id.*[6] Rather, the complaint prayed solely for vacation of the divorce decree on the ground that it had been procured by fraud.

Appellant submits, however, that her right, if any, to benefits from the Veterans Administration hinges on this court's determination as to the validity of the 1976 divorce. She maintains that if the divorce decree is vacated, she, not Brigida Cobb, will be entitled to widow's benefits as the lawful surviving spouse of the deceased veteran Hubiesaw Cobb. This, she contends, is a sufficient allegation of "property rights" to sustain Superior Court jurisdiction over her claim.[7]

Prior to the filing of her complaint, the Veterans Administration made a determination that Brigida Cobb is the widow of Hubiesaw Cobb and was entitled to make a claim to any available veteran benefits. A copy of the letter was forwarded to appellant because she too had made claim to the Veterans Administration as the widow of Hubiesaw Cobb. The letter became a matter of record in this case as an exhibit to appellee's July 8, 1982, motion to dismiss the complaint.

■ An entitlement to veteran's widow benefits appears to be a "property interest" within the meaning of our *Unger* decision. *See Connelly, supra* note 6, 190 Md. at 83, 57 A.2d at 278; *Croyle v. Croyle*, 184 Md. 126, 131–35, 40 A.2d 374, 377–78 (1944). However, it would be conjecture on

---

5. The defendant discontinued her marital relationship with the decedent upon learning that he had not divorced the plaintiff. After the divorce was finalized, the defendant entered into a second marriage with the decedent.

6. *Compare Connelly v. Connelly*, 190 Md. 79, 81–84, 57 A.2d 276, 277–78 (1948) (property rights sufficiently alleged by petitioner who sought to be declared "the widow and rightful heir at law of ... [the decedent], thus entitled to share in the property rights of ... [the dece-

dent], as his widow"); *Bussey v. Bussey*, 94 N.H. 328, 329, 52 A.2d 856, 857 (1947) (petition made no allegation of any property right being involved and therefore failed to state sufficient grounds for relief).

7. This position was taken by appellant at oral argument. *See* note 4, *supra.* The alleged right to receive Veterans Administration benefits was also mentioned by appellant in her June 27, 1983, opposition to a motion to dismiss.

our part, and indeed on the part of the trial court, to conclude on this record that such a property right in fact exists. We therefore remand this case to the Superior Court for a determination of two related questions: (1) whether any property right is at stake in this matter;[8] and (2) whether appellant would have a colorable claim that she is entitled to the property if its existence is in fact established and her 1976 divorce were to be declared invalid by the trial court. If *either* of these questions is answered in the negative, then the court shall enter judgment dismissing the action on jurisdictional grounds. However, if *both* are answered in the affirmative, then the court shall reinstate appellant's complaint and proceed to judgment.

*So ordered.*

---

8. If the only property right at stake is the veterans pension, the trial court then must determine whether the Veterans Administration will honor a decree holding that appellant is the surviving spouse of the decedent.