**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0203, <u>Stuart W. Cady v. Alethea Young & a.</u>, the court on December 26, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Stuart W. Cady, appeals an order of the Superior Court (<u>Bornstein</u>, J.) granting summary judgment to the defendants, Alethea Young and Karla Bourland, on reconsideration. He contends that the trial court erred by: (1) considering affidavits submitted in connection with the motion for reconsideration; and (2) treating the defendants' motion for reconsideration as a renewed motion for summary judgment without providing him with notice. We assume, without deciding, that these issues are preserved.

We first address whether the trial court erred by considering the affidavits submitted in connection with the defendants' motion to reconsider. Whether to receive further evidence on a motion for reconsideration rests in the sound discretion of the trial court. <u>Lillie-Putz Trust v. DownEast Energy Corp.</u>, 160 N.H. 716, 726 (2010); <u>Farris v. Daigle</u>, 139 N.H. 453, 454 (1995). We review the trial court's ruling for an unsustainable exercise of discretion and will not overturn it unless the plaintiff can show that it was clearly untenable or unreasonable to the prejudice of his case. <u>See</u> <u>Lillie-Putz</u>, 160 N.H. at 726. Because the statutory purpose of the summary judgment procedure is to save time, effort, and expense when no genuine issue of fact exists, we allow the trial court considerable discretion in determining what affidavits, counter-affidavits, and other evidence it will consider. <u>Tanguay v. Marston</u>, 127 N.H. 572, 575 (1986).

In this case, the defendants submitted three additional affidavits, one from each of them and one from the plaintiff's daughter, in support of their motion to reconsider the denial of their motion for summary judgment. The defendants' treatment of the daughter was the subject of the plaintiff's claims. None of the affidavits exceeded three pages. Furthermore, the plaintiff did not file a counter affidavit challenging any of the facts contained in the three affidavits. <u>See</u> RSA 491:8-a, II (stating that facts in affidavits in support of summary judgment "shall be taken to be admitted for the purpose of the motion, unless within 30 days contradictory affidavits based on personal knowledge are filed or the opposing party files an affidavit showing specifically and clearly reasonable grounds for believing that contradictory evidence can be presented at trial").

The plaintiff argues that Superior Court Rule 12(e) limits the trial court on a motion for reconsideration to considering only facts and law previously presented, but see Lillie-Putz, 160 N.H. at 727 (stating that trial court considered new exhibits before denying motion for reconsideration); Farris, 139 N.H. at 456 (Thayer, J. dissenting) (stating trial court empowered to consider new evidence on motion to reconsider). He provides no authority for his argument that the trial court was obligated to explain why it considered the supplemental evidence. The plaintiff further argues that the purpose of a motion for reconsideration is not to allow re-litigation of issues. However, the trial court has the power and duty to reexamine its judgments when the proper case is presented and to set aside that judgment if the court considers it to have been erroneous. Coburn v. First Equity Associates, 116 N.H. 522, 523 (1976). On this record, we conclude that the trial court's decision to consider the new affidavits was not untenable or unreasonable. See Lillie-Putz, 160 N.H. at 726.

We next address whether the trial court erred by treating the defendants' motion for reconsideration as a renewed motion for summary judgment without providing notice to the plaintiff. In the exercise of its sound discretion, a trial court has the inherent power and authority to set aside a decision on a motion for summary judgment. See Mayo v. Knapton, 118 N.H. 926, 928 (1978). In his objection to the defendants' motion for reconsideration, the plaintiff argued that the new affidavits did "not provide sufficient grounds to sustain [the defendants'] summary judgment motion." He further described the consequences of the trial court reversing its denial of summary judgment. These statements demonstrate that the plaintiff was on notice that the trial court could reconsider its prior decision on summary judgment. Thus, to the extent that the plaintiff argues that the trial court violated his due process rights by not providing him with notice, we disagree.

Although he objected to the motion for reconsideration, the plaintiff did not dispute any of the facts in the defendants' affidavits. To the extent that the plaintiff argues that, had he known that the trial court would reconsider the motion for summary judgment, he would have submitted an affidavit rebutting the facts in the defendants' affidavits, he does not identify those facts. On this record, we conclude that the plaintiff had adequate notice that the trial court might reconsider its denial of the defendants' motion for summary judgment.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

2