## KIMBALL *v.* KIMBALL.

A libel for divorce can not be prosecuted by the father, or any third person, where the libelant died before entry of the libel, for the purpose of excluding the libelee from a share of her husband's estate, or from the custody of their child.

THE libel in this case, filed August 27, 1862, sets forth, that the libelant, John B. Kimball, of Nashua, &c., on the 7th of May, 1857, was married to Lydia S. Coffin of, &c., at Nashua, by Rev. W. H. Eaton, of said Nashua; both the parties, then and since, were inhabitants and residents of said Nashua, although said John B. Kimball has been temporarily absent in the service of the United States since the month of August last past (1861); he has discharged all his duties, &c., yet the said Lydia, wholly unmindful, &c., has committed the crime of adultery with different individuals, and at times to the libelant unknown, but all since said marriage, and in particular with one Francis Moss, or Morse, namely, at Hudson, on the 30th day of October last past, and at Manchester on the 28th day of September last past, and at other times to the libelant unknown. He prays that a divorce from the bonds of matrimony may be decreed in his favor against said Lydia, and that the custody of their only child, Nellie M. Kimball, may be decreed to him.

A copy of the libel and order of notice was duly served, and the libel was entered at the December term, 1862, and an entry was

then made on the docket, "Plaintiff dead," and the following motion was filed, properly entitled:

"In the above entitled cause, Lewis Kimball, the father and next of kin of said John B. Kimball, the libelant, comes into court and shows to said court that the said John B. Kimball, the libelant, has deceased since the filing of said libel; said Lewis is father and next of kin of said John B.; that said John B. left at his decease one child, Nellie M. Kimball, an infant of the age of four years, who is living, and is under the custody, care and charge of the said Lydia S., the mother of said infant; that the said John B. left, at his decease, certain estate and claims, in which the said Lydia S., as the widow of said John B., may have an interest, unless she is barred therefrom by a decree of divorce in said cause, according to the prayer of said libel; and that, according to his best information and belief, the said Lydia S. did commit the crime of adultery, as alleged and set forth in said libel, and for that cause the said Lydia S. ought to be barred from any claim in and upon the estate, property and rights of the said John B., and from all authority and control over the person or property of said infant. Therefore the said Lewis prays that he may be admitted to prosecute this libel to a final decree thereon, notwithstanding the death of the said libelant, in the same manner as the said libelant might prosecute the same if living.                                     LEWIS KIMBALL."

In support of this motion the said Lewis offered his affidavit, as follows:

I, Lewis Kimball, on oath, declare that I am the father of John B. Kimball, libelant in the cause pending in his favor against Lydia S. Kimball, in the Supreme Judicial Court for the county of Hillsborough; that said John B. deceased at Hilton Head, in South-Carolina, as I am well informed and have no doubt, on the 10th day of November, 1862; that in instituting said libel, and the prosecution of the same, I have acted for and in behalf of said John B., in employing and instructing counsel, and obtaining testimony; that I have no doubt, from information which I have obtained, that the commission of adultery by said Lydia S., as charged in the libel, can be proved in such a manner as to sustain said libel; that from what I know of said Lydia S., she is an unsuitable person to have the bringing up and training of the infant child of said John B. and Lydia S., who is now about four years of age; that I am ready and desirous of taking said infant into my care, and to discharge toward her the duty of a parent, and for that purpose, as well as for the purpose of barring the said Lydia from any claim to the estate of said John B., which I believe she has forfeited, I am desirous of prosecuting said libel to a final decree.          LEWIS KIMBALL.

Sworn December 5, 1862.

BELL, C. J.    There seems to us to be insuperable difficulties in the way of the allowance of this motion.    The object of the suit is merely personal, to change the status or relation of the parties to each other; to put an end to the connection between them of husband and wife.    As incidental to that principal object, the

court has the power to make decrees relative to alimony, to exonerate the wife's estate from the claim of the husband, and to make orders relative to the care and custody of the children. But all these are regarded as merely incidental to the decree of divorce sought, or perhaps to some decree of divorce already granted. The principal object in this case can no longer be reached. The marital relation has been already ended by the death of the husband and libelant. The court can no longer decree a divorce between parties one of whom has ceased to live; and with the failure of the principal object of the bill, the incidents must also ordinarily fail. There may, perhaps, be cases where the court might order a decree to take effect from a former term, when the parties were living, where the case was ready for decision at such former term, and the entry of the decree was delayed for the convenience of the court; but that is not this case, the libelant's death having occurred before the entry of the libel in court, and before any of the papers had come into possession of the court.

The general rule at common law and in the nature of things is, that suits of all kinds abate by the death of the plaintiff. The action may be prosecuted, or revived, only in those cases where the right of the plaintiff survives to his personal representatives, his heirs, or executors. They can not be prosecuted for the benefit of others who do not occupy the position of the plaintiff, though they may have rights of their own which might be settled by the action.

We are unable to recollect any case, where a suit brought for the mere personal benefit of an individual, and in no way affecting rights of property, except incidentally, has ever been prosecuted by any other than the party himself, unless by virtue of some express statute.

It seems to be a leading and essential requisite to a decree of divorce, that the fact of an existing marriage should be proved. Thus it is said, in Bishop on Divorce, sec. 314, "In every divorce suit, on whatever cause founded, the plaintiff must allege and prove, first his marriage with the defendant, and secondly a sufficient breach of matrimonial duty." *Ibid.*, sec. 315. "The necessity of proving the marriage arises not only from the fact that the marriage is an essential ingredient in the offense alleged, since no violation of matrimonial duty can take place where the matrimonial relation does not exist, but likewise from the consideration that as divorce is the suspension or dissolution of this relation, if there is no relation subsisting, there is nothing for the divorce to act upon. And so marriage is the foundation of the whole proceeding, and the decree or sentence of divorce affirms the marriage in form and effect, as well as declares the separation."

It would seem that in England, in suits for nullity of marriage, third persons may prosecute. Thus (Bishop on Divorce, sec. 317) Dr. *Swabey*, the judge, admitted, on the authority of former decisions, that if the suit were prosecuted by a person other than one of the parties to the marriage, and the proof of the fact of the marriage were not in the power of such a plaintiff, it might, without the proof, be declared void. Under the latter state of facts the decree

of the court would pronounce the marriage void, if any such were had. It is no where suggested that any such practice exists in libels for divorce. By the statute (Rev. Stat., ch. 148, sec. 3 ; Comp. Stat. 377), "a divorce from the bond of matrimony shall be decreed for the following causes, in favor of the innocent party." By the language no authority is conferred to decree a divorce in favor of a third person, or at his instance.

*The motion must be denied.*