Strafford,
Jan. 4, 1938.

FRED A. TUTTLE *v.* FLORENCE E. TUTTLE.

*William N. Rogers,* for the petitioners.

MARBLE, J. It is the general rule that a stranger to a decree of divorce has no standing on which to base a motion to set aside or annul the decree. 99 A. L. R. 1310. But the petition in the present case is in no respect an attack on the judgment rendered. It does not seek the abolition of rights already adjudicated but merely asks that those rights be made effective by relation from the date of their determination.

It is true "that divorce proceedings abate upon the death of either of the parties." *Leclerc* v. *Leclerc*, 85 N. H. 121, 122. But this rule is not literally a hard and fast one. "There may, perhaps, be cases where [one party having died] the court might order a decree to take effect from a former term, when the parties were living, where the case was ready for decision at such former term, and the entry of the decree was delayed for the convenience of the court." *Kimball* v. *Kimball*, 44 N. H. 122, 124. Then, too, it is usually held that where property rights are involved a divorce action does not abate on the death of one of the parties pending an appeal. *Bell* v. *Bell*, 181 U. S. 175; Annotation, 3 A. L. R. 1422. See also *Blaisdell* v. *Harris*, 52 N. H. 191. "And pursuant to the general principle that a court may enter *nunc pro tunc* a judgment previously rendered, if a judgment of divorce has been rendered which the clerk of the court has neglected to enter until after the death of one of the parties, he may be directed to enter it *nunc pro tunc* as of some day in the lifetime of the decedent, on application of one who was not a party to the cause, and when entered, it becomes operative as of the day of its rendition." 1 Freeman, Judgments (5th *ed.*), s. 135. See also 104 A. L. R. 664.

"The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict. The entry of a judgment is a ministerial act, which consists in spreading upon the record a statement of the final conclusion reached by the court in the matter, thus furnishing external and incontestable evidence of the sentence given, and designed to stand as a perpetual memorial of its action. It is the former, therefore, that is the effective result of the litigation. In the nature of things, a judgment must be rendered before it can be entered. And not only that, but though the judgment be not entered at all, still it is none the less a judgment. The omission to enter it does not destroy it, nor does its validity remain in abeyance until it is put upon the record. The entry may be supplied, perhaps after the lapse of years, by an order *nunc pro tunc*." 1 Black, Judgments (2d *ed*), s. 106.

In this jurisdiction a term of court is regarded for ordinary purposes "as an indivisible point of time," and the last day of the term is usually assigned "as the day from which the acts of the court in general take their date." *Goodall* v. *Harris*, 20 N. H. 363, 364. See Hening's Digest, *p.* 870. But this assignment is made chiefly for the convenience of the Clerk of Court, and the practice of having but one judgment day for the term is not an invariable one. *Carpenter*

v. *Carpenter*, 78 N. H. 440, 442. A Presiding Justice has undoubted authority to order the entry of judgment on any day after he has rendered his decision (*Sheehan* v. *Connor*, 82 N. H. 529, 531, and cases cited), and if the order now requested had been sought by the libelant in his lifetime there can be no question but that the court could properly have granted it. *Vigno* v. *Vigno*, 79 N. H. 108.

The present status of a third person, who is found to have acted in good faith, depends upon a status established by the decree under consideration, and no rights will be prejudiced by the execution, in essential particulars, of the order asked for.

Entries *nunc pro tunc* are made in furtherance of justice (*Parker* v. *Badger*, 26 N. H. 466, 468; *Blaisdell* v. *Harris*, 52 N. H. 191, 195), and to hold that the libelant's death so far abated the proceedings that judgment cannot now be entered as of the day when the facts were found and the final conclusion reached is to ignore the reason which underlies the "manifest reluctance" of courts "to disturb a final judgment of divorce, especially after a second marriage involving the interests of third persons" (*Adams* v. *Adams*, 51 N. H. 388, 396), and, in practical effect, to destroy rather than to preserve a "personal *status*" which is "of the highest importance to the parties and to the community" (*Tyler* v. *Aspinwall*, 73 Conn. 493, 498.)

The desired result is not to be attained, however, by vacating the decree in accordance with the prayer of the petition, but may be accomplished by a mere amendment to the record giving to the findings and conclusion of February 12, 1914, the force and validity of a judgment as of that date.

*Case discharged.*

All concurred.