Ernest J. WILKINS, Plaintiff
and Respondent,

v.

Karla T. Wilkins STOUT, formerly Karla
T. Wilkins, Defendant and Appellant.

No. 15619.

Supreme Court of Utah.

Nov. 24, 1978.

Joseph L. Henriod and Bruce J. Nelson of Nielsen, Henriod, Gottfredson & Peck, Salt Lake City, for defendant and appellant.

Clair M. Aldrich, Provo, for plaintiff and respondent.

CROCKETT, Justice:

Defendant Karla T. Wilkins (now Stout) appeals from a post-divorce order of the district court which refused to award her a share of royalties on editions of books written by her husband which were published subsequent to the divorce decree.

The parties were married on September 20, 1967. Four children were born of the marriage. During the course of the marriage, the plaintiff had authored certain text books entitled, *Living Spanish, Books I and II, Living French, Living German*, and *Portuguese for Beginners*. The evidence is that, inasmuch as the plaintiff's major language was Spanish, the defendant had been somewhat helpful in the preparation of the books in various ways, including editing and typing. Plaintiff's contract with his publisher, Zerox Corporation, provided for royalties and required him to revise the books every three years if needed.

The divorce action was filed June 30, 1972. The decree was entered July 5, 1972, and allocated the family assets including their home and other property in accord-

ance with the stipulation of the parties. It awarded the defendant the custody of the four minor children, with $150 per month support for each; and alimony of $100 per month for the defendant.

The provision of the decree which is in controversy here is in paragraph 3 thereof:

. . . In addition to the required payment of $700.00 per month as alimony and support money, the defendant shall have one-third (⅓rd) of the Zerox book royalties payable to the plaintiff each year, provided, that defendants one-third interest in such book royalties shall be payable to her after the deduction of the income taxes payable by the plaintiff with respect to such book royalties.

The plaintiff has made the payments as required by the decree, including the one-third of the royalties on the books referred to which had been published prior to the divorce. In August 1977, the defendant, who had remarried, initiated this proceeding for an adjudication as to her rights to receive royalties on editions of the books which have been re-edited, copyrighted and published after the divorce.

Upon a plenary hearing and presentation of evidence the trial court made findings and entered an order stating that:

. . . the provisions of paragraph 3 of the decree touching upon royalty payments received by the Plaintiff and paid to the Defendant are by way of property settlement and not alimony. Said paragraph 3 of the divorce decree *applies only* as regards royalties *for books which were published on or prior to* July 5, 1972, *the date of the decree.* The decree does not apply to material copyrighted after that date. [Emphasis added.]

It thus appears that the court agreed with the defendant's position that the award of a share of the royalty payments was not alimony, which would automatically terminate on her remarriage, but was a property settlement. But it held that such award was of the royalties payable on the

books which had been published at the time of the divorce, but not to editions which were published and copyrighted after that time.

Plaintiff argues that the trial court would be without authority to make any award to the defendant involving property to be acquired after the divorce decree was entered.[1] That may be true under facts such as those in the case cited. However, we do not see any necessity for declaring any such universality. Under its equity powers to see that the welfare of the parties and particularly the children is best served, the court can take into consideration all of the pertinent circumstances. For example, in an appropriate situation, if it should appear with reasonable certainty that one party was about to receive a munificent inheritance, or substantial money or property, the court could undoubtedly take that into account, even though it was to be acquired after the decree was entered.

In the instant case it appears that the court in fact gave consideration to all of the attendant circumstances, both at the time of the decree, and at the time of this supplemental proceeding. Its conclusion was that the award of royalties to the defendant was in the nature of a property settlement, which would not terminate upon her remarriage; and therefore, that she should continue to receive the royalties from the books which were in existence at the time of the divorce, but should not receive royalties from books which have been re-edited and published subsequent thereto.

Upon our survey of the situation as discussed above, the defendant has not demonstrated that the trial court so abused the discretion it has in such matters as to warrant our interference therewith.[2]

Affirmed. In view of the respective financial circumstances of these parties, they are to bear their own costs.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

1. Citing *Menor v. Menor,* 154 Colo. 475, 391 P.2d 473.

2. *Wiese v. Wiese,* 24 Utah 2d 236, 469 P.2d 504.