Grafton
No. 81-369

## Hazel Marian Hazen

v.

## William Hazen

September 10, 1982

*Winnifred M. Moran*, of Woodsville, by brief and orally, for the plaintiff.

*Mullaly & Trunzo*, of West Lebanon (*Thomas H. Trunzo, Jr.*, on the brief and orally), for the defendant.

BOIS, J.    The defendant, William Hazen, appeals from a decree of divorce and property division which the Superior Court (*Johnson*, J.) entered in accordance with a Master's (*William E. Lovejoy*, Esq.) recommendation. We affirm. Because the plaintiff, Hazel Hazen, died while this appeal was pending, we hold that the provisions in the decree for alimony have become a nullity, but that the parties' divorce and the provisions for permanent property division should take effect. We enter a judgment *nunc pro tunc* accordingly. *See Blaisdell v. Harris*, 52 N.H. 191, 191–92 (1872); *see also Walker v. Walker*, 108 N.H. 341, 343, 235 A.2d 520, 522 (1967).

The parties separated in 1980 after thirty-seven years of marriage, and the plaintiff filed a libel for divorce on grounds of irreconcilable differences. *See* RSA 458:7-a (Supp. 1979). Following a hearing in June 1981, the master recommended that the divorce be granted and that the defendant be ordered to pay alimony. The master also recommended that the marital residence be sold and that three-fifths of the proceeds be paid to the plaintiff, with the remaining two-fifths of the proceeds being paid to the defendant. On July 24, 1981, the superior court approved the master's recommendation and entered a decree in accordance therewith. In August and September of 1981, the court denied various motions of the defendant to set aside the decree, and on October 7, 1981, the defendant filed a timely appeal to this court, challenging the portion of the decree regarding the property division. The plaintiff died on October 26, 1981, several weeks prior to the date scheduled for oral argument in this court.

The defendant first argues that the plaintiff's death abated the divorce proceedings and that the status and rights of the parties therefore should remain as they were prior to the commencement of the proceedings.

We reject this argument. Although the general rule is that divorce proceedings abate upon the death of either party, *Leclerc v. Leclerc*, 85 N.H. 121, 122, 155 A. 249, 250 (1931), we have found this rule subject to exceptions. *See Stritch v. Stritch*, 106 N.H. 409, 411, 213 A.2d 426, 427 (1965); *Tuttle v. Tuttle*, 89 N.H. 219, 220, 196 A. 624, 625 (1938); *Kimball v. Kimball*, 44 N.H. 122, 124 (1862). In *Tuttle v. Tuttle*, 89 N.H. at 220, 196 A. at 625, we stated that "where property rights are involved a divorce action does not abate on the death of one of the parties pending an appeal." *Accord, Bell v. Bell*, 181 U.S. 175, 178–79 (1901).

Here, the controversy relates exclusively to property rights. The parties neither contested nor appealed the validity of the divorce itself. Clearly, a finding that the marriage had been legally dissolved would be consistent with the parties' intent. For these reasons, we hold that the divorce should take effect, and we proceed to discuss the validity of the challenged provisions for property division and alimony.

The defendant argues that the trial court abused its discretion when it ruled that he would receive only two-fifths of the proceeds from the sale of the marital residence. He claims that he had a right to one-half of the proceeds.

It is well established that a trial court has broad discretion in the division of property and that we will not disturb the court's determination in the absence of an abuse of that discretion. *Murano v. Murano*, 122 N.H. 223, 227, 442 A.2d 597, 599 (1982); *see, e.g., Parker v. Parker*, 122 N.H. 658, 662, 448 A.2d 414, 416 (1982); *Heinze v. Heinze*, 122 N.H. 358, 360, 444 A.2d 559, 562 (1982). The testimony in this case revealed that the plaintiff assisted the defendant in the operation of various businesses and acted as the family housekeeper. The evidence further revealed that the defendant lost large sums while gambling and that he may have converted the parties' jointly owned money market certificate. As a result, we cannot say that the provision for the division of the sale proceeds constituted an abuse of discretion warranting reversal.

The defendant also challenges the provisions for alimony in the decree. These provisions required the defendant to pay the plaintiff $60 per week until the sale of the marital residence and $30 per week thereafter. In view of the evidence that the plaintiff

was unemployed and had no steady income at the time of trial, we hold that the alimony provisions were not unreasonable.

■■ We now turn to the current status of the alimony provisions in light of the plaintiff's recent death. Generally, unless otherwise provided, alimony and support payments terminate upon the death of either of the parties. *Stebbins v. Stebbins*, 121 N.H. 1060, 1063, 438 A.2d 295, 297–98 (1982); *see* 2 NELSON, DIVORCE AND ANNULMENT § 14.02, at 7 (2d ed. 1961). The instant decree stated that the alimony payments were to continue until terminated by operation of law or by further order of the court; the decree did not specifically provide for the payment of alimony after either spouse's death. *But cf. Stritch v. Stritch*, 106 N.H. at 410, 213 A.2d at 427 (decree specified period during which payments to be made). Contrary to the plaintiff's argument, we hold that, as a result of the indefinite duration of the alimony obligation, the payments were not in the nature of a permanent property settlement. *But cf. id.* at 411–12, 213 A.2d at 428 (alimony payments for specified duration characterized as property settlement). *See generally Stebbins v. Stebbins*, 121 N.H. at 1062–63, 438 A.2d at 297. Thus, although we have found that the alimony provisions were not unreasonable, we conclude that the defendant's alimony obligation terminated upon the plaintiff's death.

> *Judgment affirmed nunc pro tunc, as of July 24, 1981.*

All concurred.