Strafford
No. 81-156

MILDRED M. PERRON

v.

GEORGE PERRON

October 12, 1982

*Boynton, Waldron, Doleac, Woodman & Scott P.A.*, of Portsmouth (*Patti Blanchette* on the brief and orally), for the plaintiff.

*Fisher, Parsons & Moran*, of Dover (*Stephen A. White* on the brief and orally), for the defendant.

PER CURIAM. The sole issue on appeal in this marital case is whether the trial court abused its discretion in either its award of alimony to the defendant's wife or its apportionment of the parties' property. *See* RSA 458:19. After trial, the Superior Court (*Goode*, J.) approved the Marital Master's (*Earl J. Dearborn*, Esq.) recommendations awarding the parties' real estate and alimony to Mildred Perron. The defendant, George Perron, challenges these awards on appeal. For the reasons that follow, we hold that the trial

court committed no error in making an equitable division of property between the parties, but that it erred in awarding alimony to the plaintiff.

The parties were married for approximately fourteen years. Both worked full time throughout their marriage. No children were born of the marriage, but the plaintiff had two children by a prior marriage. The parties' major asset at the time of their divorce proceedings was a duplex house purchased for $13,500 in 1968, but estimated as having a value of between $30,000 and $50,000 by the parties in 1981. There is an outstanding mortgage on the property in the amount of $6,000, monthly payments on which are $93.60. The defendant claims that the master's decision to award the house to the plaintiff, provided that she first pay the defendant $6,000, constituted an abuse of discretion.

■■ It is well settled that we will not set aside a marital master's determination absent a showing of an abuse of discretion. *Hazen v. Hazen*, 122 N.H. 836, 838, 451 A.2d 398, 399 (1982); *MacDonald v. MacDonald*, 122 N.H. 339, 342, 443 A.2d 1017, 1018 (1982). Our review of the trial transcript in this matter indicates that there was sufficient evidence to support the master's determination that the house should be awarded to the plaintiff. *Henderson v. Henderson*, 121 N.H. 807, 810, 435 A.2d 133, 135 (1981).

Briefly stated, the evidence indicated that the plaintiff had provided the entire down payment of $2,000 required for purchase of the property. At the time of the divorce, the defendant was fifty and the plaintiff was fifty-seven years old. She anticipated working until the age of sixty-two, at which time her retirement income would be substantially less than her present earnings. The master found that the plaintiff's ability to be self-supporting was based on the fact that monthly mortgage payments on the house were low, a fact that could be expected to be even more important upon her retirement. The plaintiff had only five years remaining within which to save for her retirement, compared to the defendant's estimated ten or more years. In addition, the master ordered that the plaintiff pay the defendant $6,000 from her savings as a condition precedent to her being given exclusive title to the house, an amount which was more than the entire amount of money paid off on the mortgage during the marriage. On these facts, we cannot say that the master's decision here constituted an abuse of discretion. *Hazen v. Hazen*, 122 N.H. at 838, 451 A.2d at 399. Marital property "is to be distributed equitably, but not necessarily equally." *MacDonald v. MacDonald*, 122 N.H. at 342, 443 A.2d at

1018; *Grandmaison v. Grandmaison*, 119 N.H. 268, 271, 401 A.2d 1057, 1059 (1979).

 The defendant next claims that the master's decision to award alimony of $30 per week to the plaintiff was an abuse of discretion. We agree. The plaintiff's support affidavit indicates, and the master found, that she had total monthly expenses of approximately $800 and a monthly income of about $1,400. Further, neither in her affidavit nor at trial did the plaintiff request an alimony award. In fact, at trial, she emphatically testified that she had received little if any support from her husband throughout the marriage, but nevertheless had been able to save approximately $9,000. On these facts, the master's award of alimony, in any amount, to the plaintiff was a clear abuse of discretion. *Hanson v. Hanson*, 121 N.H. 719, 721, 433 A.2d 1310, 1311 (1981).

*Affirmed in part and reversed in part; remanded.*