Strafford
No. 82-166

ANN B. LAWLOR

v.

JOHN E. LAWLOR

March 24, 1983

*Barrett & McNeill P.A.*, of Dover (*John F. Dolan, Jr.*, on the brief, and *Malcolm R. McNeill, Jr.*, orally), for the plaintiff.

*Ouellette, Hallisey, Dibble & Tanguay P.A.*, of Dover (*William L. Tanguay* on the brief, and *Dennis Hallisey* orally), for the defendant.

DOUGLAS, J. The issues presented in this divorce case are whether a master may properly consider a spouse's vested, but undistributed, legacy under a deceased parent's will in recommending an award of alimony and a division of marital property, and whether the master abused her discretion in recommending that award. Finding no error, we affirm.

The plaintiff, Ann Lawlor, and the defendant, John Lawlor, were married in June 1946. There were four children born of their marriage, all of whom are now adults. After thirty-five years of marriage, the plaintiff filed a libel for divorce based upon irreconcilable differences. It is undisputed that commencement of the divorce action was delayed so as not to upset the defendant's seriously ill mother, despite the disintegration of the marriage.

After a hearing, the Marital Master (*Alice S. Love*, Esq.) found the following facts. The plaintiff's primary role during the marriage was that of a homemaker and child-rearer, although she worked as a substitute teacher for several years to provide additional financial support for the family. She did not have a teacher's certificate issued by the State; in recent years she had been a babysitter for her granddaughter to supplement her monthly Social Security check. The plaintiff, who was sixty-five years old at the time of the divorce, earned $379 take-home pay per month, while having $680 in monthly expenses.

Additionally, the master found that the defendant, who was sixty years old at the time of the divorce, had provided the family's basic financial support during the marriage. He worked for most of his marriage as a stockbroker, then as a chauffeur for a limousine service, and recently as a security guard at the Seabrook nuclear power plant site. The defendant had a take-home pay of $620 per month, and $711 in monthly expenses.

The parties sold their residence in which they had lived for thirty-one years for $70,000, after deduction of costs. Each received $5,000 at the closing, and they took a $13,000 second mortgage which paid them jointly $144 per month. The $47,000 balance was placed in a joint savings account pending the divorce. In addition, the defendant expected to receive $45,000 to $50,000 as a legatee under the will of his recently deceased mother.

The master recommended that the divorce be granted, with the parties to continue each receiving half of the monthly mortgage payments. The plaintiff was to receive three-quarters of the $47,000 outstanding proceeds from the sale of the house, and sixty dollars in alimony per week. The defendant was to receive one-quarter of the

house proceeds. It was also recommended that he discharge a $1,800 loan in order to release the plaintiff's stock as collateral, and be solely obligated on $5,500 in other loans. The Superior Court (*Temple*, J.) approved the master's recommendations. The defendant's motion for rehearing was denied.

The defendant argues on appeal that the master erred in taking the defendant's vested, but undistributed, legacy into consideration in awarding alimony and dividing the marital property. He maintains that the expected legacy under his mother's will was never an asset shared as part of the marital estate and was therefore his sole property. The plaintiff makes no claim to any part of the legacy itself, but rather contends that the master could properly consider the $45,000 to $50,000 vested sum among the totality of circumstances in making a determination about alimony and property division. We agree with the plaintiff's contention.

In *Baker v. Baker*, 120 N.H. 645, 648, 421 A.2d 998, 1001 (1980), we stated that although military retirement pay was not a property interest *itself* subject to redistribution upon a divorce, a court "may *consider* it as a relevant factor in making equitable support orders and property distributions." (Emphasis added.) Recently, we reaffirmed that a retirement pension was an "economic circumstance" to be considered when marital property is divided. *MacDonald v. MacDonald*, 122 N.H. 339, 342, 443 A.2d 1017, 1018 (1982). Similar to a pension, the defendant's legacy in this case became vested upon his mother's death, although its receipt would have to await the timely probate of her will and settlement of her estate. That the defendant would receive an estimated $45,000 to $50,000 within a reasonable time after the divorce was a relevant economic circumstance for the master to have considered. Of course, if the inheritance were contingent or unliquidated, the property allocation could, in some circumstances, be deferred for a reasonable period of time but the divorce granted nonetheless. *See Williams v. Williams*, 121 N.H. 728, 731, 433 A.2d 1316, 1318 (1981). In this case it was disclosed at oral argument that the distribution to the defendant had been made in the amount of $56,000.

When confronted with a challenged post-divorce property division that was analogous to this case, the Utah Supreme Court stated:

"Under its equity powers to see that the welfare of the parties . . . is best served, the court can take into consideration all of the pertinent circumstances. For example, in an appropriate situation, if it should appear with reasonable certainty that one party was about to receive a munificent inheritance . . . , the court could undoubtedly

take that into account, even though it was to be acquired after the decree was entered."

*Wilkins v. Stout,* 588 P.2d 145, 146 (Utah 1978). In *Schreiber v. Schreiber,* 244 So. 2d 407, 409–10 (Fla. Dist. Ct. App. 1969), a Florida appellate court held that it was an abuse of discretion for the trial court *not* to have considered the husband's vested, but undistributed, legacy in determining his ability to pay alimony and child support.

■ If the master had not considered the defendant's vested interest under his mother's will, it would have led to an inequitable result because soon after the divorce the defendant would receive for himself an amount equal to the parties' only real asset, the $47,000 balance of proceeds from the sale of the family residence. Contrary to the defendant's characterization, we do not perceive the plaintiff as attempting to "share in any windfall or post-divorce prosperity" which has come to the defendant. *See Calderwood v. Calderwood,* 114 N.H. 651, 652, 327 A.2d 704, 706 (1974). The master merely took account of the total economic circumstances of both parties, involving their marital estate and their individual estates existing at the time of the divorce hearing. *See Murano v. Murano,* 122 N.H. 223, 227, 442 A.2d 597, 599 (1982). We hold as a matter of law that the master properly considered the defendant's vested legacy in determining how alimony and marital property should be awarded.

■ The defendant next asserts that the master abused her discretion in awarding the plaintiff three-quarters of the sale proceeds from the family residence and sixty dollars a week alimony. A master has broad discretion in awarding alimony and distributing marital property, which will not be disturbed absent a showing of abuse of that discretion. *Goudreault v. Goudreault,* 120 N.H. 140, 140, 412 A.2d 736, 736 (1980); *see Perron v. Perron,* 122 N.H. 855, 856, 451 A.2d 1282, 1283 (1982); *Murano v. Murano,* 122 N.H. at 227, 442 A.2d at 599.

In this case, the evidence supported the master's finding that the plaintiff's employment opportunities were minimal because of her age of sixty-five and lack of teacher certification. The fact that the defendant was five years younger than the plaintiff and his testimony that he intended to work for the next five years, combined with his monthly income being twice that of the plaintiff, all supported the master's award of sixty dollars' weekly alimony. Additionally, the fact that the defendant would soon receive $45,000 to $50,000 from his mother's estate, which we have concluded was properly considered by the master, also supported the master's recommended alimony award.

Notwithstanding the alimony award, the plaintiff's testimony supported the master's finding that the defendant had an "irregular job history," which could have justified awarding the plaintiff a greater proportionate share of the residence proceeds that she could invest for greater financial security. *Cf. Hazen v. Hazen,* 122 N.H. 836, 838, 451 A.2d 398, 399 (1982) (award of three-fifths of sale proceeds of family residence to plaintiff not abuse of discretion in light of defendant's propensity for gambling and possible conversion of parties' joint savings). Accordingly, we find no abuse of discretion by the master in the instant case.

*Affirmed.*

All concurred.