T.C. Memo. 1995-603


UNITED STATES TAX COURT


RAYMOND N. ROSENTHAL and PEGGY S. ROSENTHAL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2677-94.          Filed December 26, 1995.


Raymond N. Rosenthal and Peggy S. Rosenthal, pro sese.

<u>Steven M. Roth</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

SCOTT, <u>Judge</u>:  Respondent determined deficiencies in petitioners' Federal income taxes and accuracy-related penalties for the calendar years 1990 and 1991 as follows:

|       |            | Penalty      |
|-------|------------|--------------|
| Year  | Deficiency | Sec. 6662[1] |
| 1990  | $6,300     | $1,260       |
| 1991  | 8,668      | 1,734        |

The issues for decision are whether petitioners are entitled to deductions for alimony pursuant to sections 71 and 215 in the amounts of $30,000 in 1990 and $10,000 in 1991,[2] and whether petitioners are liable for the accuracy-related penalty under section 6662(a).

### FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.

At the time of the filing of the petition in this case, petitioners had a legal residence in Encino, California. Petitioners filed joint Federal income tax returns for the taxable years 1990 and 1991.

On June 19, 1987, Mr. Raymond Rosenthal (petitioner) and his ex-wife, Ruth Rosenthal, executed a marital settlement agreement in connection with the dissolution of their marriage (the settlement agreement). Section 8 of the settlement agreement provided in part as follows:

> Husband shall pay to Wife, as and for spousal
> support, commencing May 1, 1987, and continuing on the

---

[1] All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2] Petitioners concede that $25,000 of the $35,000 claimed as an alimony deduction for 1991 is not alimony, but is a payment in connection with a property settlement.

first day of each month thereafter the sum of Twenty-Five Hundred ($2500.00) Dollars per month to and including April 1, 1991. Said spousal support shall terminate following the forty-eight (48) payments to be covered for the period May 1, 1987, to and including April 1, 1991.

Said spousal support shall be non-modifiable as to term, that is the forty-eight (48) months, and the amount of Twenty-Five Hundred ($2500.00) Dollars per month, or the total sum of One Hundred and Twenty Thousand ($120,000.00) Dollars. The marriage of Wife or death of Husband, or Wife shall not terminate the Respondent's obligation to pay support. No Court shall retain jurisdiction to modify any term pertaining to spousal support, including but not limited to amount, term, duration or termination or any matter pertaining thereto.

Exhibit "A" attached to the settlement agreement incorporated into the agreement additional terms and provisions, including the following:

The payments to be made by Husband to Wife are intended to be made by Husband to Wife tax-free to Wife and non tax reportable since the payments are as and for the equal division of community property, except for spousal support payments which shall be reportable by Wife and deductible by Husband.

Petitioners deducted as alimony $30,000 and $35,000 for the taxable years 1990 and 1991, respectively. Respondent determined in her notice of deficiency that the amounts petitioners deducted were not alimony, because they did not terminate on the death of the recipient. Petitioners contend that the amounts were properly deductible because of the language in the settlement agreement that the payments were reportable by wife and deductible by husband.

OPINION

Section 215 allows a deduction for alimony payments which meet the definition of section 71(b).[3] <u>Yoakum v. Commissioner</u>, 82 T.C. 128, 134 (1984). The parties do not dispute that the requirements under section 71(b)(1)(A) through (C) have been met. The issue, therefore, is whether under the settlement agreement the payments meet the requirement of section 71(b)(1)(D).

Section 71(b)(1)(D) provides that, for payments to be considered alimony, there must be no liability to make any payment for any period after the death of the payee spouse and no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Section 8 of the settlement agreement provides that

---

[3] SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

* * * * * * *

(b) Alimony or Separate Maintenance Payments Defined.-- For purposes of this section--

(1) In General.--The term "alimony or separate maintenance payment" means any payment in cash if--

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spo maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any peri liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

petitioner is to pay a certain number of payments for a specific length of time. It is clear that section 8 imposes liability on petitioner for a period after the death of the payee spouse.

Petitioner contends that the language in Exhibit "A" of the settlement agreement, which states the payments are reportable by petitioner's former wife and deductible by petitioner, makes the settlement agreement ambiguous, and, thus, parol evidence should be examined to determine the intent of the parties. We are not persuaded by petitioner's argument. It is clear that the requirement under section 71(b)(1)(D) was not satisfied in this case. Whether or not the parties intended for the payments to be deductible to petitioner, we must focus on the legal effect of the agreement in determining whether the payments meet the criteria under section 71. Since section 71(b)(1)(D) is not met, the payments are not considered alimony for Federal income tax purposes.

As we stated in Webb v. Commissioner, T.C. Memo. 1990-540, the current section 71 was enacted to prevent the type of litigation now before us. The House committee stated the purpose of the current section 71 as follows:

> The committee believes that a uniform Federal standard should be set forth to determine what constitutes alimony for Federal tax purposes. This will make it easier for the Internal Revenue Service, the parties to a divorce, and the courts to apply the rules to the facts in any particular case and should lead to less litigation. The committee bill attempts to define alimony in a way that would conform to general notions of what type of payments constitute alimony as

distinguished from property settlements and to prevent the deduction of large, one-time lump-sum property settlements.

     \*       \*       \*       \*       \*       \*       \*

In order to prevent the deduction of amounts which are in effect transfers of property unrelated to the support needs of the recipient, the bill provides that a payment qualifies as alimony only if the payor (or any person making a payment on behalf of the payor) has no liability to make any such payment for any period following the death of the payee spouse. \* \* \*

H. Rept. 98-432, Part 2, 1495-1496 (1984); see Webb v. Commissioner, supra.

The same conclusion reached in Webb v. Commissioner, supra, has been reached in Sroufe v. Commissioner, T.C. Memo. 1995-256, Heffron v. Commissioner, T.C. Memo. 1995-253, and Hoover v. Commissioner, T.C. Memo. 1995-183.

Here, the agreement is clear that the payments to petitioner's former wife would continue after the death of either party to the settlement agreement. In fact, petitioner's testimony shows that he understood that the payments were to continue beyond the death of the payee spouse. Petitioner testified:

THE COURT: Well, you read [the settlement agreement], didn't you?

THE WITNESS: I read it, but I don't--didn't know what it meant. They told me--my lawyers said, "This is what we've agreed to; sign it," so I signed it.

THE COURT: So--

THE WITNESS: I was more concerned with the numbers than the fine print.

THE COURT:  Well, but you must have had some understanding of whether--if she remarried or if she died, you would still have to pay this for a full forty-eight months.

THE WITNESS:  I had that under--we never discussed remarriage at all, but they said I'm going to have to pay  this for forty-eight months.

THE COURT:  Whether she lived or died?

THE WITNESS:  Yes.

The provision in the settlement agreement that the spousal support was reportable by wife and deductible by husband is merely an attempt to agree to a legal conclusion that is contrary to the necessary legal conclusion following from the provision for the payments to continue after petitioner's former wife's death.  An incorrect understanding of the law by the parties to that agreement does not change the law applicable to petitioner's case.

Also at issue is whether petitioners are liable for the accuracy-related penalties under section 6662(a).  Under section 6662, a 20-percent addition to tax is imposed on the portion of the underpayment that is attributable to one or more of the following:  (1) Negligence or disregard of the rules or regulations; (2) substantial understatement of tax; (3) valuation overstatement; (4) overstatement of pension liabilities; and (5) estate or gift tax valuation understatements.  Respondent concedes that only negligence and substantial understatement of tax would have application to the facts in this case.

Negligence includes any careless, reckless, or intentional disregard of rules or regulations, any failure to make a reasonable attempt to comply with the provisions of the law, and any failure to exercise ordinary and reasonable care in the preparation of a tax return. Neely v. Commissioner, 85 T.C. 934 (1985).

Under section 6662(a), an understatement is "substantial" if the understatement exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year, or $5,000 ($10,000 in the case of a corporation other than an S corporation or a personal holding company). An understatement of tax is the excess of the amount required to be shown on the return over the amount shown on the return, reduced by any rebates.

Section 6664(c)(1) provides that no penalty shall be imposed with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion, and that the taxpayer acted in good faith with respect to such portion. The record here shows that at the time the divorce agreement was signed petitioner had two attorneys. He asked one of these attorneys in the presence of the other whether, under the agreement, he would be entitled to deduct the payments made to his ex-wife as alimony, stating that he would sign the agreement if the alimony was deductible by him. His attorney assured him that the payments would be deductible by him under the agreement,

and his other attorney and the attorney representing petitioner's ex-wife agreed that he was entitled to deduct the payments to his ex-wife as alimony, and that the payments would be taxable to his ex-wife. Petitioner testified that one of his attorneys had been a judge, and he considered him very knowledgeable with respect to interpreting the agreement for him. Under these circumstances, it appears to us that petitioner had reasonable cause for deducting the $30,000 he paid to his ex-wife in 1990 and $10,000 of the amount of the alimony deduction claimed in 1991. Even though the advice petitioner received was incorrect, considering all the circumstances of this case, we conclude that petitioner has shown reasonable cause for the deduction claimed as alimony in 1990 and for $10,000 of the deduction claimed as alimony in 1991. There has been no reasonable cause shown for the claim as an alimony deduction of the other $25,000 claimed in 1991 and the claiming of that deduction was negligent.

We, therefore, hold that petitioner is not liable for the accuracy-related penalty under section 6662(a) for the year 1990 and is only liable for the accuracy-related penalty on $25,000 of the amount deducted as alimony for the year 1991. Petitioner has failed to show that he had any reasonable cause for taking this $25,000 alimony deduction.

Decision will be entered

under Rule 155.