T.C. Summary Opinion 2015-2

UNITED STATES TAX COURT

JOSEPH LARRY BECKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29066-13S.                    Filed January 13, 2015.

Joseph Larry Becker, pro se.

<u>Hans Famularo</u>, <u>Sandy Hwang</u>, and Sheri Wight (student), for respondent.

SUMMARY OPINION

COHEN, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed. The decision to be entered is not reviewable by any other Court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all

section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $5,717 deficiency in petitioner's Federal income tax for 2011 and a $1,143.40 penalty under section 6662(a). After respondent's concession, the issues for decision are whether petitioner is entitled to an alimony paid deduction greater than $1,381 and whether he is liable for the penalty.

Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in California at the time his petition was filed.

On April 28, 2009, petitioner and his wife, Jennifer Rose Becker (Becker), separated. In 2011, prior to their anticipated divorce, petitioner made payments to Becker for spousal and child support. Petitioner and Becker's divorce was finalized on August 29, 2011.

Pursuant to the judgment of dissolution of the Superior Court of California, County of Orange, petitioner was ordered to provide payments of temporary child support of $801 per month and temporary alimony of $815 per month for the past period of October 1, 2010, to July 31, 2011. Petitioner was further ordered, starting as of August 1, 2011, to provide alimony of $500 per month and child

support of $540 per month, along with additional child support in the manner of paying for his children's health insurance.

In accordance with the judgment, petitioner owed, for 2011, $8,205 for alimony and $8,307 for child support. In 2011 petitioner made payments to Becker for alimony and child support totaling $9,688.

Petitioner filed his 2011 Form 1040, U.S. Individual Income Tax Return. The return was prepared by a certified public accountant (C.P.A.). On the return petitioner claimed an alimony paid deduction of $12,036. The Internal Revenue Service subsequently disallowed the entire alimony expense deduction.

## Discussion

Amounts received as alimony are includible in the gross income of the recipient. Sec. 71(a); see also sec. 61(a)(8). Correspondingly, a taxpayer who made alimony payments during a tax year is entitled to deduct them if they meet the requirements of section 71. Sec. 215. This Court focuses on the divorce instrument in determining whether payments meet the criteria of "alimony" as defined by section 71(b). See Rosenthal v. Commissioner, T.C. Memo. 1995-603, 70 T.C.M. (CCH) 1614, 1615 (1995).

Section 71(c) provides:

> SEC. 71(c).  Payments To Support Children.--
>
> (1) In general.--Subsection (a) shall not apply to that part of any payment which the terms of the divorce or separation instrument fix (in terms of an amount of money or a part of the payment) as a sum which is payable for the support of children of the payor spouse.
>
> \*      \*      \*      \*      \*      \*      \*
>
> (3) Special rule where payment is less than amount specified in instrument.--For purposes of this subsection, if any payment is less than the amount specified in the instrument, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.

Petitioner argues that he allocated payments between child support and spousal support in 2011.  In accordance with instructions from his family law attorney to deduct child-related expenses that he paid directly rather than to his wife, petitioner believes that he is allowed under the instrument to reduce the child support for those direct payments but not the spousal support.

The parties do not dispute that any spousal support received by Becker would be considered alimony under section 71.  The issue arises over how much of petitioner's payments should be allocated towards alimony as opposed to child support.  Petitioner admits that the amount he claimed on his 2011 tax return as an

alimony paid deduction also included child support payments and so the amount would need to be adjusted accordingly.  By his calculation, he paid $5,462 in spousal support and should be entitled to that amount as a deduction.

Petitioner does not take into account section 71(c)(3), which provides that where the payments actually made are less than the amounts specified in the divorce instrument for alimony and child support, then those payments are considered to have been made towards the child support portion first and will only be allocated towards the alimony portion once child support has been fully paid. See Proctor v. Commissioner, 129 T.C. 92, 94-95 (2007); Blyth v. Commissioner, 21 T.C. 275, 279 (1953).  Section 1.71-1(e), Income Tax Regs., provides the following example:

> [I]f the husband is by terms of the decree, instrument, or agreement required to pay $200 a month to his divorced wife, $100 of which is designated by the decree, instrument, or agreement to be for the support of their minor children, and the husband pays only $150 to his wife, $100 is nevertheless considered to be a payment by the husband for the support of his children.  * * *

Here, the divorce instrument specifically designated amounts for alimony and for child support that, for 2011, would total $8,205 and $8,307, respectively. Petitioner only made payments that totaled $9,688.  Pursuant to section 71(c)(3) and the regulations thereunder, $8,307 of the $9,688 of payments is allocated to

child support, leaving the $1,381 remainder as alimony.  Respondent concedes the $1,381 alimony paid deduction, and we conclude that petitioner is not entitled to any deduction greater than this amount.

Section 6662 Accuracy-Related Penalty

Respondent determined a section 6662(a) penalty for petitioner's 2011 tax year.  Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax attributable to, among other things, a taxpayer's negligence or disregard of rules or regulations, or a substantial understatement of income tax.  An understatement of income tax is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties.  Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Respondent represents that the burden of production has been satisfied as there is a substantial understatement, i.e., greater than $5,000, for petitioner's 2011 tax year, even after the Rule 155 recomputation.

Once the Commissioner has met the burden of production, the taxpayer must come forward with persuasive evidence that the penalty is inappropriate--for

example, by showing that he or she acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448-449. Petitioner's return was prepared by a C.P.A., and his calculations of reduced child support were made on the advice of his lawyer. Nevertheless, the record reflects that petitioner claimed a deduction of $12,036 but paid only $9,688 of total alimony and child support. This disparity is unexplained. On balance, we cannot find that he acted with reasonable cause. Accordingly, he is liable for the section 6662(a) penalty for 2011.

We have considered the other arguments of the parties, and they are not material to our conclusions.

To reflect the foregoing,

Decision will be entered

under Rule 155.