T.C. Memo. 2015-27

UNITED STATES TAX COURT

MARCUS J. HAMPERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 20551-12, 11347-13.　　　　　Filed February 18, 2015.

<u>John M. Zaremba</u>, for petitioner.

<u>Janet F. Appel</u> and <u>Carlton W. King</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:　In these consolidated cases, respondent determined deficiencies in and penalties on petitioner's Federal income tax as follows:

[*2]

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|---------------------|
| 2009 | $5,268 | $1,053.60 |
| 2010 | 23,536 | 4,707.20 |
| 2011 | 40,471 | 8,094.20 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the sole issue remaining for decision is whether petitioner is entitled to additional alimony paid deductions of $14,012, $38,000, and $123,394 for 2009, 2010, and 2011, respectively.

Background

These cases were submitted fully stipulated under Rule 122. The stipulated facts are incorporated as our findings by this reference. At the time the petitions were filed, petitioner resided in New Hampshire.

In 2004 petitioner and his wife Kristin C. Hampers, nee Carney (Carney), were in the process of a lengthy divorce. The terms of the divorce were to be governed by a final decree dated December 1, 2004, and issued by the Superior Court of Sullivan County, New Hampshire. Over the next few years, the final

**[*3]** decree would be modified three times by either court orders or stipulations of the parties.

Paragraph 25.A. of the definitive version of the final decree provided:

25. Other Requests:

A. Attorney's Fees-Present and Future:

(1) Marcus shall pay all Kristin's attorneys [sic] fees and disbursements, including expert and other witness costs, depositions, transcript fees, and any other expenses incurred in this case within 30 days of receipt of a statement from Kristin's attorney. In the event of an appeal, the Order relative to payment of Kristin's legal fees and costs, which shall include any transcript costs, shall continue to be paid by Marcus as set forth in the Court's current Temporary Orders.

(2) Marcus shall pay all of Kristin's reasonable attorney [sic] fees and disbursements costs, including expert or other witness costs, depositions, transcripts, or other costs for any proceeding or any other matter relating to any term of this decree and any amendment thereto or to * * * [the marital child] in this matter in the future and shall pay any such statements within 30 days of receipt. In the event that the parties use a third-party for decisional or mediation purposes to resolve a dispute between them, Marcus shall pay all costs, unless the mediator rules otherwise. This order is necessary to prevent abuse of this justice system and shall not be subject to modification, except upon a finding of bad faith.

The divorce was finalized on June 15, 2007.

Pursuant to paragraph 25.A.(2) of the final decree, petitioner paid legal fees incurred by Carney of $14,012, $38,113, and $123,394 in 2009, 2010, and 2011, respectively.

**[\*4]** Petitioner filed Forms 1040, U.S. Individual Income Tax Return, for 2009, 2010, and 2011. On the returns he claimed alimony paid deductions of $44,012, $68,113, and $153,394 for 2009, 2010, and 2011, respectively. The Internal Revenue Service subsequently disallowed $14,012 of the alimony paid deduction for 2009 and the total alimony paid deductions for 2010 and 2011.

## Discussion

Respondent concedes the section 6662(a) penalties and also concedes that petitioner paid $30,000 of deductible alimony in both 2010 and 2011. Petitioner does not raise any issue as to respondent's adjustments to itemized deductions for 2009, 2010, and 2011 and to exemptions for 2009. As a result, all issues affecting the deficiencies other than the alimony paid deductions for the years in issue are deemed conceded by petitioner. See Rule 34(b)(4). The parties agree that the remaining amounts in dispute are from "future attorney's fees" that arose under paragraph 25.A.(2) of the final decree. The parties dispute whether the future attorney's fees meet the requirements of alimony under section 71.

Amounts received as alimony are includible in the gross income of the recipient. Sec. 71(a); see also sec. 61(a)(8). Correspondingly, a taxpayer who made alimony payments during a tax year is entitled to deduct them if they meet the requirements of section 71. Sec. 215. The taxpayer has the burden of proving

**[\*5]** entitlement to the deduction claimed. Rule 142(a); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934); <u>Rockwell v. Commissioner</u>, 512 F.2d 882, 886 (9th Cir. 1975), <u>aff'g</u> T.C. Memo. 1972-133.

Section 71(b)(1) defines alimony as a payment in cash if: (1) the payment is received by a spouse under a divorce or separation instrument; (2) the divorce or separation instrument does not designate the payment as not allowable as a deduction and/or not includible in gross income; (3) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the spouses are not members of the same household when the payment is made; and (4) there is no liability to make any payment for any period after the death of the payee spouse. The Court focuses on the divorce instrument in determining whether payments meet the criteria of "alimony" as defined by section 71(b). <u>See</u> <u>Rosenthal v. Commissioner</u>, T.C. Memo. 1995-603, 70 T.C.M. (CCH) 1614, 1615 (1995). A divorce instrument can be a decree of divorce or a written instrument incident to such a decree. Sec. 71(b)(2).

The parties agree that the first three requirements of the section 71(b)(1) alimony definition are satisfied. Their only contention is whether petitioner, after the death of Carney, could be liable to make a payment of future attorney's fees pursuant to the final decree.

**[\*6]**   Under section 71(b)(1)(D), the payor must have no liability to continue payments after the payee's death; otherwise the payor may not deduct any required related payments.  See Johanson v. Commissioner, 541 F.3d 973, 976-977 (9th Cir. 2008), aff'g T.C. Memo. 2006-105.  If the payor is liable for even one otherwise qualifying payment after the payee's death, none of the related payments required before death will qualify as alimony.  Sec. 1.71-1T(b), Q&A-10, Temporary Income Tax Regs., 49 Fed. Reg. 34456 (Aug. 31, 1984).  If the divorce instrument is silent as to the existence of a postdeath obligation, the requirements of section 71(b)(1)(D) may still be satisfied if the payments terminate upon the payee's death by operation of State law.  Johanson v. Commissioner, 541 F.3d at 977.  If State law is ambiguous in this regard, however, a "federal court will not engage in complex, subjective inquiries under state law; rather, the court will read the divorce instrument and make its own determination based on the language of the document."  Hoover v. Commissioner, 102 F.3d 842, 846 (6th Cir. 1996), aff'g T.C. Memo. 1995-183.

The parties agree, as does the Court, that the final decree is silent as to whether payments made under paragraph 25.A.(2) would terminate after the death of Carney.  In considering State law, petitioner first posits that as "long as all * * * [payments of future attorney's fees] relate to the period prior to the death of the

**[\*7]** payee spouse and the payor has no liability to make such payments to the period following the death of the payee spouse, the requirements of \* \* \* [section] 71(b)(1)(D) will be met." He then argues that, under New Hampshire law, divorce proceedings and actions related to such proceedings, including the enforcement of provisions of a final order, will abate upon the death of a party. Petitioner thus concludes that if the legal action giving rise to his obligation to pay future attorney's fees to Carney will abate upon her death, it is impossible for those future attorney's fees to relate to the period following her death.

For authority, petitioner cites a 1931 New Hampshire Supreme Court case, Leclerc v. Leclerc, 155 A. 249 (N.H. 1931). In Leclerc the court observed a general rule that "divorce proceedings abate upon the death of either of the parties. \* \* \* 'And this effect must extend to whatever is identified with those proceedings.'" Id. at 250 (citations omitted) (quoting McCurley v. McCurley, 60 Md. 185 (1883)). The principle behind this general rule is that because the main objective of a suit for divorce is to dissolve the marriage, there is no reason to render a divorce decree once the marital relationship has already been ended by death. Coulter v. Coulter, 550 A.2d 112, 114 (N.H. 1988); Kimball v. Kimball, 44 N.H. 122, 124 (1862). In Leclerc a sister of a deceased former spouse tried to obtain custody of the marital children against the living former spouse by raising

[*8] the matter through the original divorce proceeding. Leclerc v. Leclerc, 155 A. at 250. The court in Leclerc clearly instructed that in no way can "a divorce proceeding be kept alive after the death of one party for the purpose of dealing with a new situation brought about solely by such death." Id.

Nevertheless, the court in Leclerc considered that the general rule could be subject to limitations and exceptions, even noting that, under New Hampshire law, a petition for an additional allowance of alimony might be maintained by the payee former spouse after the death of the payor. Id. Since 1931, New Hampshire law has recognized other exceptions to this general rule. See, e.g., Hazen v. Hazen, 451 A.2d 398, 399 (N.H. 1982) (permitting divorce to take effect, notwithstanding the wife's death during the pendency of the husband's appeal related to property rights); Stritch v. Stritch, 213 A.2d 426, 427 (N.H. 1965) (determining that a decree for weekly alimony payments over a fixed period was binding on the estate of the former spouse upon his death and was within the jurisdiction of the divorce court); Bussey v. Bussey, 52 A.2d 856 (N.H. 1947) (deciding that a petition to vacate a decree of divorce because of fraud (of the deceased former spouse) is a continuation of the original litigation and not the commencement of a new action); Tuttle v. Tuttle, 196 A. 624, 625 (N.H. 1938)

**[\*9]** ("[W]here property rights are involved a divorce action does not abate on the death of one of the parties pending an appeal.").

New Hampshire law has also recognized that "jurisdiction in divorce proceedings is a continuing one with respect to 'all subsequent proceedings which arise out of the original cause of action.'" Stritch v. Stritch, 213 A.2d at 427 (quoting Madsen v. Madsen, 209 A.2d 728, 729 (1965) and citing N.H. Rev. Stat. Ann. section 556:15, which provides that "[a]ll other actions and causes of action existing in favor of or against a deceased person, except those for the recovery of penalties and forfeitures of money under penal statutes, shall survive, and may be prosecuted or defended by his administrator"). Petitioner does not sufficiently address the possibility of exception, or discuss the above-referenced statute that runs contrary, to the general rule stated in Leclerc. Petitioner's reliance on this general rule--to show the impossibility of future attorney's fees being incurred from subsequent divorce proceedings--is unconvincing.

Moreover, respondent proffers two examples of petitioner's possible liability for future attorney's fees being incurred after Carney's death: (1) an action for collection of accrued arrears and (2) "Gosselin proceedings" if she died after the initial legal fees were incurred but prior to those proceedings. Focusing on the latter example, it appears that in New Hampshire, Gosselin requirements are

**[*10]** effected to determine the reasonableness of documented attorney's fees claimed by a former spouse who was awarded those fees by the trial court. See Gosselin v. Gosselin, 616 A.2d 1287, 1289 (N.H. 1992). If the trial court fails to make a determination as to the reasonableness of the fees, then a party could appeal for such an accounting to the New Hampshire Supreme Court, which may remand the case so that the lower court can comply with the Gosselin requirements. Id.

Proceedings involving Gosselin requirements could be anticipated here, and the State of New Hampshire has already addressed this particular issue in petitioner's own divorce proceedings. See In re Hampers, 911 A.2d 14, 29 (N.H. 2006) ("We further hold that the Gosselin procedure applies to any attorney's fees * * * [Carney] incurs in the future."); see also In re Hampers, 97 A.3d 1106, 1112 (N.H. 2014) ("We explained [in In re Hampers, No. 2007-519 (N.H. Jan. 24, 2008)] that 'fees incurred after the date of the final divorce decree could not have been part of the property settlement,' and, therefore, were required to be reviewed under Gosselin".).

As respondent argues, it may well be possible for liability for litigation fees to arise after the death of Carney if she were to die after future attorney's fees were incurred but before a proceeding regarding Gosselin requirements could take

**[*11]** place. Considering the parties' arguments made with respect to State law, we conclude that New Hampshire law does not plainly show that petitioner's liability for future attorney's fees of Carney would terminate upon her death.

As the final decree is silent and no State law resolves the issue, we independently review the divorce instrument itself to make our own determination as to the satisfaction of the section 71(b)(1)(D) requirement. See Hoover v. Commissioner, 102 F.3d at 846. Nothing in the final decree indicates that petitioner's obligation to pay Carney's future attorney's fees would terminate upon her death. Petitioner carries the burden of proof and has not presented sufficient evidence or reason to conclude otherwise. Accordingly, the payments do not satisfy the requirements of section 71(b)(1)(D), and petitioner is not entitled to additional alimony paid deductions for the years in issue with respect to his payments of future attorney's fees.

We have considered the other arguments of the parties, but they are irrelevant, unsupported by the record or by authority, or without merit.

**[*12]** To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent in docket No. 20551-12, and</u>

<u>decision will be entered under Rule 155</u>

<u>in docket No. 11347-13</u>.